GOODE, Appellant,

v.

GOODE, Appellee.

[Cite as *Goode v. Goode* (1993), 89 Ohio App.3d 405.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–1580.

Decided Aug. 26, 1993.

*Richard F. Swope,* for appellant.

*Artz, DeWhirst & Farlow* and *Beverly Farlow,* for appellee.

---

WHITESIDE, Judge.

Plaintiff-appellant, William T. Goode, appeals from a judgment in the Franklin County Court of Common Pleas, Division of Domestic Relations, and raises seven assignments of error, as follows:

"1.   The trial court erred and abused its discretion in overruling plaintiff-appellant's Motion for Relief from Judgment filed pursuant to Rule 60(B)(1), (3), and (5) of the Ohio Rules of Civil Procedure.

"2.   The trial court erred and abused its discretion in finding plaintiff-appellant guilty of contempt for failing to provided [*sic*] identical medical coverage under COBRA.

"3.   The trial court erred and abused its discretion in overruling plaintiff-appellant's Motion for Neutral Pick-up and Delivery Site for the children.

"4.   The trial court erred and abused its discretion in finding plaintiff-appellant guilty of contempt for failing to pay attorney fees.

"5.   The trial court erred and abused its discretion in ruling plaintiff-appellant is only entitled to claim two of the children for tax exemption purposes and in not either granting the relief under Rule 60(B) or ruling the order effective as of the date of filing the Motion.

"6.   The trial court erred and abused its discretion in overruling plaintiff-appellant's Motion to Terminate the requirement that plaintiff-appellant pay for defendant-appellee's health insurance coverage.

"7.   The trial court erred in assessing attorney fees against plaintiff-appellant because plaintiff-appellant was not guilty of contempt and plaintiff-appellee [*sic*] was entitled to relief sought in his Motion."

Plaintiff filed a complaint for divorce against defendant on July 11, 1990.  The case was tried on January 28, 1991.  The parties entered several stipulations, and the court resolved the remaining issues.  The divorce decree was filed on April 25, 1991.  The trial court filed its findings of fact and conclusions of law on May 8, 1991.  Plaintiff appealed to this court, and the judgment was affirmed in *Goode v. Goode* (1991), 70 Ohio App.3d 125, 590 N.E.2d 439 ("*Goode I* ").

Plaintiff then filed a four-branch motion, including a request for relief from judgment pursuant to Civ.R. 60(B)(1), (3) and (5), and to modify visitation and exemption for federal tax exemption on June 6, 1991.  Defendant filed a six-

branch motion for contempt and requesting attorney fees. A hearing was held on the motions before a referee who recommended finding plaintiff in contempt and ordering plaintiff to pay $500 in attorney fees for the contempt action. The trial court adopted the referee's report. Plaintiff now appeals that judgment.

By his first assignment of error, plaintiff contends that the trial court erred by overruling his motion for relief from judgment filed pursuant to Civ.R. 60(B)(1), (3), and (5), which provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."

The Ohio Supreme Court has set forth the requirements to prevail on a Civ.R. 60(B) motion in *GTE Automatic Elec., Inc. v. ARC Industries* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus, requiring the movant to demonstrate:

" * * * (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."

An appellate court will not reverse a trial court's determination as to a Civ.R. 60(B) motion unless it abused its discretion in its ruling. *GTE Automatic Elec., Inc.,* at 148, 1 O.O.3d at 87, 351 N.E.2d at 114–115.

In plaintiff's motion, he requested four different branches of relief. The first related to the stipulation between the parties for purposes of computing child support regarding defendant's income being incorrect; therefore, plaintiff contends that the judgment as to spousal support is contrary to law. The second branch asked the court to grant plaintiff the right to claim all three children for federal income tax exemption purposes. The third branch requested an order that a neutral site for visitation pick-up and return be designated. The fourth branch requested an elimination of the requirement that plaintiff pay for medical insurance covering defendant.

The stipulation between the parties at issue here is that defendant's income was $6,600 per year. Defendant's W–2 form for tax purposes showed that

her income was much higher. Since defendant's income was higher than believed at the time, the stipulation is erroneous regarding defendant's income. At the proceedings on plaintiff's complaint for divorce, the parties agreed that child support would be calculated according to the child support guidelines. Defendant's attorney informed the court that the parties stipulated that: "The Defendant in this case, Your Honor, is employed as a Licensed Practical Nurse and makes approximately $6,600 a year." Plaintiff's attorney agreed stating, "Yes, Your Honor, we would agree on that figure. It is a part-time amount, though. She makes $11 an hour. She works part-time." A little bit later the court asked, "And so you people are in agreement as to what figures you are going to use for the guidelines?" Plaintiff's attorney answered, "With regard to child support, yes." And defendant's attorney agreed.

Later, during the hearing, defendant testified that she works part-time, sixteen hours per week,[1] discussed her hours and stated that she works two days per week. Defendant testified that, "My income ranges around $275 per pay period, which is every other week." The court asked, "So on an annual basis we are talking about—" and defendant's attorney stated, "About $6,600." However, an income of $275 every two weeks equals $7,150 per year, not $6,600. To this extent, it was apparent that the stipulation was incorrect.

In an affidavit filed with her answer and counterclaim, defendant indicated her income to be "approximately $8,000 to $10,000." Moreover, Exhibit 11, her tax return with her W–2 form attached for the year 1989, defendant reported her gross income as $12,995.02. Similarly, her tax return for 1990 indicated an income of $12,151.93. Her 1991 W–2 form shows that her gross income was $13,610.41. Each of these years her income was nearly twice the stipulated amount of $6,600.

Plaintiff has met two of the requirements for a Civ.R. 60(B) motion. He has a "meritorious defense or claim" to present if relief be granted. He has met the filing requirement since he filed the Civ.R. 60(B) motion less than one year after the judgment was entered. The remaining requirement is proper grounds for relief under Civ.R. 60(B)(1), (3), or (5).

If plaintiff is entitled to relief, it must be under Civ.R. 60(B)(1) or (3) since (5) is inappropriate for this case. Civ.R. 60(B)(5) relates to the inherent power of the court to relieve unjust application of a judgment. See *Swad v. Swad* (Apr. 8, 1982), Franklin App. No. 81AP–975, unreported, 1982 WL 4093; *Caruso–Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, 5 OBR 120, 448 N.E.2d 1365, paragraph

---

1. She also testified that she works six hours per week, but she testified at other times during the hearing as to sixteen hours, so it is appropriate to use sixteen hours per week considering her hourly wage and the paycheck amounts.

one of the syllabus; see, also, *Young v. Young* (Dec. 22, 1988), Franklin App. No. 88AP–50, unreported, 1988 WL 137100. The Ohio Supreme Court has stated in the first paragraph of the syllabus of *Caruso–Ciresi,* it "is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment," but it is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B). In this case, Civ.R. 60(B)(5) is inapplicable since it cannot be used as a substitute for Civ.R. 60(B)(1) or (3).

Civ.R. 60(B)(1) provides that a court may relieve a party from a final judgment if the judgment was based upon mistake, inadvertence, surprise or excusable neglect. In this case, defendant argues that she did not intentionally mislead the court as to her income, but both parties stipulated to the incorrect amount. This would constitute a mutual mistake. We need not determine whether Civ.R. 60(B)(3) is applicable since it is based upon intentional misrepresentation. Although there is a question of fact as to whether defendant intentionally misled plaintiff, her statement of income was a mistake. The stipulation stated that defendant's income was $6,600 when, in fact, it was $13,610.41. Moreover, her testimony suggests that there was at least a question as to the accuracy of the stipulated amount.

The referee found that plaintiff had a duty to conduct at least minimal discovery as to defendant's income and denied that branch of plaintiff's motion so that such behavior would not be rewarded. This is an abuse of discretion since it is reasonable for a party to rely upon the adverse party's representations as to the adverse party's income, and the party is not required to test the truthfulness of the adverse party's representation. Under the circumstances, defendant had a duty accurately to disclose her income and to testify accurately as to her income. Thus, the judgment was based upon a mutual mistake as to the amount of defendant's income.[2] As such, plaintiff's first assignment of error is well taken.

■ By his second assignment of error, plaintiff contends that the trial court erred in finding him guilty of contempt for failing to provide identical medical coverage under COBRA. Plaintiff provided health insurance for defendant not under COBRA but by paying the premiums on a conversion policy which was less expensive. The employee benefits specialist for the city of Columbus testified that the conversion policy was not a COBRA policy, and the benefits were not as extensive as the policy required by COBRA. Plaintiff contends he consulted the employee benefits office of the Columbus Police Department and was informed

---

**2.** In his brief to this court, plaintiff argues that the mistake as to defendant's income affects the spousal support amount, the COBRA payments, and additional child support amounts. However, the first branch of his motion for relief from judgment requested only relief from the spousal support award.

that this policy was a COBRA policy. A police officer assigned to the Columbus Police Employee Benefits Unit testified that the policy was a COBRA policy. However, this officer admitted he did not understand the requirements of COBRA for a continuation policy. He also testified that he would defer to the employee benefits specialist on questions involving COBRA since this was his only case involving COBRA.

COBRA, as it is commonly known, is a federal health care benefits continuation law, which requires employers to allow employees and spouses and dependents of employees to elect continued coverage upon the occurrence of a "qualifying event," including divorce or legal separation, as in this case. See Section 4980B, Title 26, U.S.Code. The employee or beneficiary, not the employer, is required to pay for the extended insurance coverage. The benefits must be the same as the benefits provided to covered employees who have not experienced a qualifying event. See Section 4980B(f), Title 26, U.S.Code. At the end of the continuation period, the plan must provide the employee, spouse or dependent the option of enrolling in a conversion health plan otherwise generally available under the plan for one hundred eighty days following the continuation period. See Section 4980B(f)(2)(E), Title 26, U.S.Code.

Plaintiff argues that the coverage need not be identical to the coverage defendant received before the divorce. This contention is incorrect unless the employer has changed the insurance plan for all employees. In any event, it would not be plaintiff's option to change coverage since the decree requires him to provide coverage meeting COBRA. COBRA requirements under Section 4980B(f), Title 26, U.S.Code provide:

"(2) * * * [T]he term 'continuation coverage' means coverage under the plan which meets the following requirements:

"(A) Type of benefit coverage—The coverage *must consist of coverage which,* as of the time the coverage is being provided, *is identical to the coverage provided* under the plan *to similarly situated beneficiaries* under the plan with respect to whom a qualifying event has not occurred. If coverage under the plan is modified for any group of similarly situated beneficiaries, the coverage shall also be modified in the same manner for all individuals who are qualified beneficiaries * * *." (Emphasis added.)

Moreover, the City of Columbus Uniformed Police Employees Benefit Program, "Updates Section," page two, provides:

" * * * The continuation coverage will be *identical* to the health, dental, prescription drug and vision coverage provided to you by the City of Columbus at the time you or your dependents qualify for continuation coverage." (Emphasis added.)

The coverage here must provide the same level of benefits as previously provided before the qualifying event as it does for those who have not experienced a qualifying event.

Plaintiff cites Section 300bb–2(5), Title 42, U.S.Code [3] as providing that the benefits do not need to be identical. That section provides:

"Conversion option. In the case of a qualified beneficiary whose period of continuation coverage expires under paragraph (2)(A) [the maximum required period], the plan must, during the 180–day period ending on such expiration date, provide to the qualified beneficiary the option of enrollment under a conversion health plan otherwise generally available under the plan."

However, this section involves the conversion option *after* the continuation period has expired in relation to state and local employees. It does not apply to the COBRA continuation option as does Section 4980B(f), Title 26, U.S.Code.[4] Therefore, pursuant to Section 4980B(f), Title 26, U.S.Code, the insurance coverage must have been identical to the ones offered to those who have not experienced a qualifying event. Plaintiff was obligated to provide defendant with the COBRA option insurance rather than only the conversion option. Defendant incurred $7,853 in bills related to her emergency gall bladder surgery but only $1,600 was covered by the conversion policy provided by plaintiff as a substitute for COBRA. Consequently, plaintiff's second assignment of error is not well taken.

■ By his third assignment of error, plaintiff contends that the trial court erred in overruling his motion for a neutral pick-up and delivery site for the children. Plaintiff requested a neutral site because of alleged violence that occurred between the parties. Plaintiff testifies to three incidents of alleged violence between the parties. Defendant admitted to knocking plaintiff's glasses off his face once but denied any other confrontations, arguments or unpleasantries during visitation.

---

**3.** Section 300bb–2(5), Title 42, U.S.Code, is a part of the Public Health Service Act. This Act applies to state and local governmental health plans which are maintained by the state. Both section 300bb–1 to 300bb–5, Title 42, U.S.Code, and Section 4980B, Title 26, U.S.Code derive from the Consolidated Omnibus Budget Reconciliation Act of 1985, commonly called COBRA, as amended. The provisions have the same requirements regardless of which is applicable here since no evidence was presented as to whether the city maintains this health plan.

**4.** Section 4980B(f)(2)(E), as below, discusses the conversion option using the same language as Section 300bb–2(5), Title 42, U.S.Code:

"In the case of a qualified beneficiary whose period of continuation coverage expires under subparagraph (B)(i), the plan must, during the 180–day period ending on such expiration date, provide to the qualified beneficiary the option of enrollment under a conversion health plan otherwise generally available under the plan."

Defendant also testified that it was inconvenient for her to use a neutral site because many times she is at work, and there is no one to deliver or pick up the children since her child who drives does not drive the other children. Defendant also did not consider the neutral site convenient because she preferred that the children be able to take their belongings from the house to the car rather than be picked up at a public place.

The referee found the request "ludicrous and vengeful" and recommended that it be denied. Although the language may be overbroad, it was not an abuse of discretion for the trial court to adopt the referee's report based upon defendant's testimony and to determine that plaintiff's request should be denied. Therefore, plaintiff's third assignment of error is not well taken.

■ By his fourth assignment of error, plaintiff contends that the trial court erred in finding him guilty of contempt for failing to pay attorney fees as ordered by the divorce decree. The divorce decree ordered plaintiff to pay $1,000 of defendant's attorney fees. Plaintiff admitted that he had not made any attempt to pay the fees because the matter was under appeal, and he had not received a statement from defendant's attorney. Plaintiff admitted signing the decree and receiving a copy of it, giving him knowledge of the order. Since plaintiff admitted he made no effort to pay the ordered attorney fees, the trial court did not abuse its discretion in finding plaintiff to be in contempt of that order. Therefore, plaintiff's fourth assignment of error is not well taken.

■ By his fifth assignment of error, plaintiff contends that the trial court erred in ruling that he is entitled to claim only two of the three children for tax exemption purposes. He requested this relief either through the Civ.R. 60(B) motion or by modification of the divorce decree. R.C. 3113.21(B)(10) permits a trial court to reconsider which parent may claim the children for tax exemption purposes, as follows:

"Whenever a court modifies, reviews, or otherwise reconsiders a child support order, it may reconsider which parent may claim the children who are the subject of the child support order as dependents for federal income tax purposes * * * and shall issue its determination on this issue as part of the child support order."

The Ohio Supreme Court has stated the legal standard in determining which parent to allocate the exemption to in *Singer v. Dickinson* (1992), 63 Ohio St.3d 408, 588 N.E.2d 806, paragraphs two and three of the syllabus, as:

"The allocation of the dependency exemption provided by Section 152(e), Title 26, U.S.Code may be awarded to the noncustodial parent when that allocation would produce a net tax savings for the parents, thereby furthering the best interests of the child.

"In determining whether taxes would be saved by allocating the federal tax dependency exemption to the noncustodial parent, a court should review all pertinent factors, including the parents' gross incomes, the exemptions and deductions to which the parents are otherwise entitled, and the relevant federal, state, and local income tax rates."

The trial court stated that it considered the evidence as it related to these factors. The referee recommended that plaintiff be awarded the income tax exemption for the two oldest children since it would provide a greater tax savings for plaintiff. The court found this to be reasonable. We cannot find this to be an abuse of its discretion under the circumstances. Consequently, plaintiff's fifth assignment of error is not well taken.

By his sixth assignment of error, plaintiff contends that the trial court erred in overruling his motion to terminate the requirement that he pay for defendant's health insurance coverage. The appropriateness of plaintiff's providing defendant with insurance is not affected by the misstatement as to defendant's income. This issue was determined by the trial court and affirmed by this court in *Goode I, supra*. Defendant is not eligible for health insurance from her employer since she works part time. The trial court determined that working full time was inappropriate for defendant, and this determination was affirmed on appeal. *Id.*, 70 Ohio App.3d at 130, 590 N.E.2d at 441–442. Therefore, the trial court's determination requiring plaintiff to continue paying for defendant's health insurance is not unreasonable. Plaintiff's sixth assignment of error is not well taken.

By his seventh assignment of error, plaintiff contends that the trial court erred in assessing attorney fees against him because he was not guilty of contempt, and he was entitled to relief in his motion. By our disposition of the second and fourth assignments of error, we determined that the trial court properly found that plaintiff was in contempt for failing to provide the appropriate insurance coverage for defendant and for failing to pay ordered attorney fees. However, by our disposition of the first assignment of error, we determined that plaintiff was entitled to relief from the prior judgment as to the amount of spousal support. The assessment of attorney fees against a party in a divorce proceeding is expressly provided for in R.C. 3105.18(H), as follows:

"In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to, any appeal, any proceeding arising from a motion to modify a prior order or decree, * * * if it determines that the other party has the ability to pay the attorney's fees that the court awards. * * *"

This court has previously stated that a trial court's decision to award attorney fees "should not be interfered with absent a clear showing of abuse or prejudice by the trial court." *Birath v. Birath* (1988), 53 Ohio App.3d 31, 39, 558 N.E.2d 63, 71–72. We further stated:

"* * * A trial court decision to award or not to award attorney fees should take into consideration the factors of R.C. 3105.18, specifically the earning abilities of the parties and the relative assets and liabilities of each. * * *"

In this case, the trial court awarded defendant $500 in attorney fees incurred during the pendency of both plaintiff's motion and defendant's motion. The referee's report stated that defendant testified to the reasonableness of the attorney fees and that she has incurred at least $500 in necessary fees. The trial court adopted the report. We do not find an abuse of discretion, the award not being unreasonable. Therefore, plaintiff's seventh assignment of error is not well taken.

For the foregoing reasons, plaintiff's first assignment of error is sustained, the other six assignments of error are overruled, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is reversed insofar as the motion for relief from judgment as to spousal support was denied, and otherwise is affirmed, and this case is remanded to that court with instructions to grant the motion for relief from judgment and to redetermine the amount of spousal support and for such further proceedings as may be in accordance with law and consistent with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

BOWMAN and MARTIN, JJ., concur.

WILLIAM J. MARTIN, J., of the Carroll County Court of Common Pleas, sitting by assignment.