JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Joyce T. Smith, appeals from the judgment of the Common Pleas Court, Domestic Relations Division, denying her Civ.R. 60(B) motion for relief from the trial court's judgment of divorce. We affirm.
 {¶ 2} The record reflects that Mrs. Smith filed her complaint for divorce against defendant-appellee, Eugene Smith, in May 2000. On February 21, 2002, the day of trial, the parties executed a separation agreement and agreed that counsel for Mr. Smith would prepare and submit a proposed judgment entry to the trial court.
 {¶ 3} On April 9, 2002, the trial court entered an order setting a dismissal hearing for April 30, 2002, and ordering that if the judgment entry were not submitted on or before that date, Mrs. Smith's complaint for divorce would be dismissed.
 {¶ 4} Mr. Smith filed his proposed judgment entry on April 30, 2002. Although both parties appeared for the hearing that day, the judge was not available. Counsel for both parties agreed to allow Mrs. Smith to have until May 13, 2002 to file any objections to the proposed entry.
 {¶ 5} On May 1, 2002, however, Mrs. Smith filed a motion for enlargement of time to present objections to the proposed judgment entry and a notice of voluntary dismissal. On the same day, the trial court issued a divorce decree and filed a magistrate's decision of uncontested divorce with separation agreement.
 {¶ 6} On May 30, 2002, before the trial court had ruled on her motion for enlargement of time, Mrs. Smith filed a notice of appeal with this court, appealing the divorce decree issued by the trial court on the same day she filed her notice of voluntary dismissal. The case was assigned Case No. 81374.
 {¶ 7} This court subsequently remanded the case to the trial court for purposes of determining a Civ.R. 60(B) motion for relief from judgment to be filed by Mrs. Smith. Although Mrs. Smith filed her motion on July 31, 2002, the trial court did not rule on the motion during the remand period and, accordingly, we then addressed the merits of the appeal.
 {¶ 8} On June 26, 2003, this court issued its opinion in Case No. 81374 affirming the trial court's judgment of divorce. Smithv. Smith, Cuyahoga App. No. 81374, 2003-Ohio-3323. We held that the trial court had not erred in entering the divorce decree after Mrs. Smith filed her Civ.R. 41(A) notice of dismissal because she filed her notice of dismissal after the commencement of trial and, therefore, outside the parameters of the rule. We further held that the lower court had complied with the requirements of Domestic Relations Court Loc.R. 28(B) regarding preparation and presentation for journalization of a judgment entry by counsel and the time for objections to same by opposing counsel.
 {¶ 9} On July 9, 2003, after this court had issued its decision, the trial court denied Mrs. Smith's Civ.R. 60(B) motion to vacate judgment. She now appeals from that order, arguing that the trial court erred in denying her motion without conducting a hearing. We disagree.
 {¶ 10} Civ.R. 60(B) provides that a court may relieve a party from a judgment or order of the court when certain requirements are met:
 {¶ 11} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: 1) mistake, inadvertence, surprise or excusable neglect; 2) newly discovered evidence * * *, fraud * * *, misrepresentation or other misconduct of an adverse party; 4) the judgment has been satisfied, released or discharged * * *; or 5) any other reason justifying relief from the judgment."
 {¶ 12} A trial court has discretion in determining whether to grant a Civ.R. 60(B) motion for relief from judgment. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. Thus, a trial court's decision regarding a Civ.R. 60(B) motion will not be reversed on appeal absent a showing of abuse of discretion.Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9, 11. A court abuses its discretion when its decision is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 13} In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate that: 1) he has a meritorious claim or defense; 2) he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and 3) the motion is made within a reasonable time.GTE Automatic Electric, Inc. v. ARC Industries (1976),47 Ohio St.2d 146, paragraph two of the syllabus. If any of these three requirements are not met, the motion should be overruled.Svoboda v. Brunswick (1983), 6 Ohio St.3d 348, 351.
 {¶ 14} In her motion for relief from judgment, Mrs. Smith argued that she was entitled to relief from judgment because she "did not understand the consequences of signing the two page [settlement agreement]." She contended that she thought her ex-husband's Sprint stock would be valued as of December 31, 2001, rather than as of the close of business on February 20, 2002, the date specified in the separation agreement. The valuation date is important because the stock rapidly declined in value from December 2001 to February 2002, thereby requiring Mrs. Smith to pay more money to her ex-husband in order to divide the marital estate equally.
 {¶ 15} In her motion, Mrs. Smith contended that she was seeking relief under Civ.R. 60(B)(1), involving "mistake, inadvertence, surprise or excusable neglect," Civ.R. 60(B)(2), involving "newly discovered evidence," and Civ.R. 60(B)(5), involving "any other reason justifying relief from judgment." Only Civ.R. 60(B)(1) is applicable in this case, however.
 {¶ 16} Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person of the unjust operation of a judgment. Housden v. Housden (May 6, 1991), Butler App. No. CA90-08-160. The grounds for invoking Civ.R. 60(B)(5) must be substantial, however, and it is not to be used as a substitute for any of the more specific provisions of Civ.R. 60(B). Id., citing Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64, paragraphs one and two of the syllabus. Here, Mrs. Smith alleges that she was mistaken about the date of valuation of the Sprint stock and about the consequences of signing the separation agreement. In short, she is contending she is entitled to relief because there was a "mistake." Accordingly, this case must be analyzed under the more specific provision of Civ.R. 60(B)(1); the catch-all provision of Civ.R. 60(B)(5) does not apply. Moreover, Civ.R. 60(B)(2) does not apply as there is no evidence in this record of newly discovered evidence which Mrs. Smith could not have discovered in time to move for a new trial.
 {¶ 17} We agree with the trial court that Mrs. Smith failed to establish that she is entitled to relief under Civ.R. 60(B)(1). Typically, courts will grant relief on the basis of mistake when the mistake is a mutual mistake shared by both parties as to a material fact in the case. See, e.g., Krysa v.Sieber (1996), 113 Ohio App.3d 572, 578; Goode v. Goode
(1993), 89 Ohio App.3d 405, 411. However, "the courts of this state have generally held that relief from [a divorce] decree will not be granted when the alleged `mistake' was merely a unilateral mistake on the part of one party or her counsel."Breckenridge v. Breckenridge, Geauga App. No. 2003-G-2533, 2004-Ohio-1845, at ¶ 13, citing Irwin v. Irwin (Sept. 27, 1996), Lake App. No. 95-L-102. In such situations, the party alleging the mistake "must show why he was justified in failing to avoid mistake or inadvertence; gross carelessness is insufficient." Galley v. Galley (May 18, 1994), Miami App. Nos. 93-CA-31 and 93-CA-32.
 {¶ 18} Here, the separation agreement specifically stated that "the parties agree that the investment accounts * * * shall be included for division at market value, close of business 2/20/02 and divided equally." Presumably, Mrs. Smith read the agreement before she signed it. Even if she did not read it, however, a person who signs a written contract, such as a separation agreement, is bound by its terms even if he or she neglected to read the contract. Kostreski v. Kostreski (July 1, 1993), Franklin App. Nos. 92AP-1587, 92AP-1591 and 92AP-1662. Furthermore, although the trial court subsequently gave Mrs. Smith an opportunity to file objections to the proposed journal entry of divorce, the record reflects that she never did so. Under these circumstances, Mrs. Smith alleged nothing more than her own carelessness and, accordingly, her unilateral mistake does not warrant relief under Civ.R. 60(B)(1).
 {¶ 19} Mrs. Smith also contended she was entitled to relief from judgment because she had been erroneously advised by counsel that the separation agreement was merely a "model" for settlement and she would be able to withdraw from the agreement. For purposes of Civ.R. 60(B)(1), however, the conduct of a party's attorney is imputed to that party. Argo Plastic Products Co. v.Cleveland (1984), 15 Ohio St.3d 389, syllabus; GTE, supra, at paragraph four of the syllabus. Thus, as a general rule, a party may not obtain relief from judgment under Civ.R. 60(B)(1) solely on the ground of misconduct by its own attorney. Argo, supra at 393. As this court stated previously:
 {¶ 20} "* * * `[I]f an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping this suit alive merely because * * * [plaintiff] should not be penalized for the omissions of [her] own attorney would be visiting the sins of * * * [plaintiff's] lawyer upon the * * * [defendant].'" GTE, supra at 152, quoting Link v. Wabash RR.Co. (1962), 370 U.S. 626, 634, fn. 10. Thus, Civ.R. 60(B)(1) relief is not warranted in these circumstances. Mrs. Smith's remedy, if any, lies elsewhere.
 {¶ 21} Finally, we are not persuaded by Mrs. Smith's claim that the decree as it now stands is unjust. As provided in R.C.3105.171, the marital estate was divided equally as of the date of the final hearing in the divorce action. We find nothing inequitable or unjust in this division of property.
 {¶ 22} Appellant's assignment of error is therefore overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., Concurs.
 Celebrezze, Jr., P.J., Concurs in judgment only.