{¶ 23} Because I am unable to agree with the majority, I respectfully dissent.
 {¶ 24} In the decision granting summary judgment in favor of Deutsche Bank and against Lane, the trial court did note that any dispute between Lane and Barker could be settled at the priority stage of litigation, a separate action, or a separate motion for summary judgment. I do not find this to be the trial court's clear decision to reserve the priority of liens issue for a later date, but rather, when read in context, a suggestion to Lane as to his potential options.
 {¶ 25} After the trial court rendered its decision granting summary judgment, the next item presented to the trial court was the judgment entry, prepared by Deutsche Bank, and agreed to by all parties, which established the priority of liens. The majority finds this judgment entry is either a mistake resulting from the use of a standard form, or a deliberate attempt by counsel for Deutsche Bank to further his client's interests. I find neither of these scenarios to be accurate, particularly in light of the fact that Deutsche Bank argued from the beginning that it had the first and best lien on the property even despite the existence of the Barker lien. Deutsche Bank alleged this in its complaint and in its motion for summary judgment.
 {¶ 26} Further, "[i]n order to obtain relief on the basis of mistake, the court must find `a mutual mistake shared by both parties as to a material fact in the case.'" In re McLoughlin v. McLoughlin, Franklin App. No. 05AP-621, 2006-Ohio-1530, discretionary appeal not allowed by110 Ohio St.3d 1465, 2006-Ohio-4288, at ¶ 34, quoting Smith v.Smith, Cuyahoga App. No. 83275, 2004-Ohio-5589, at ¶ 17 (wife not entitled to relief from *Page 11 
judgment where there was no mutual mistake and she was unable to demonstrate the existence of fraud, misrepresentation, or misconduct in connection with the separation agreement drafted by appellee, but agreed to by both parties). Because I do not share the majority's view that Deutsche Bank made a mistake, I cannot find the mistake in this circumstance is mutual such that Barker is entitled to relief from judgment on the basis of mistake under Civ. R. 60(B).
 {¶ 27} Moreover, the trial court examined this very issue when it reviewed Barker's motion for relief from judgment and the trial court, in its discretion, expressly found, not the existence of a mutual mistake, but instead a unilateral mistake on behalf of Barker. Because I cannot find an abuse of discretion in the trial court's actions, I cannot find that its judgment should be reversed.
 {¶ 28} I would also affirm the trial court's judgment pursuant to the invited error doctrine. Though the majority recognizes the doctrine and that a litigant may not take advantage of an error which he himself invited or induced, the majority declines to find invited error because Barker's counsel "in no way invited counsel for Deutsche Bank to generate an inaccurate judgment entry." (Decision, at 5.) What the invited error doctrine concerns, however, are counsel's actions that invite or induce the court to make an error. All counsel, including Barker's, agreed to the judgment entry at issue. Thus, to the extent Barker now claims the trial court erred, I find this is precisely the scenario the invited error doctrine is meant to apply.
 {¶ 29} For the foregoing reasons, I would affirm the judgment of the trial court. *Page 1