[Cite as *Fahrer v. Fahrer*, 2023-Ohio-4380.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

NINA FAHRER

     Plaintiff-Appellant

-vs-

BRUCE FAHRER

     Defendant-Appellee

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. William B. Hoffman, J.
Hon. Craig R. Baldwin, J.

Case No. 2023 CA 00013

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Fairfield County Court of Common Pleas, Domestic Relations Division, Case No. 20 CR 159 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | December 1, 2023 |

APPEARANCES:

For Plaintiff-Appellant

BRUCE M. BROYLES
1379 Standing Stone Way
Lancaster, Ohio 43130

For Defendant-Appellee

ANDREW T. LIPP
Lantz & Lipp
123 South Broad Street, Suite #309
Lancaster, Ohio 43130

*Hoffman, J.*

**{¶1}** Plaintiff-appellant Nina Fahrer appeals the February 13, 2023 Judgment Entry entered by the Fairfield County Court of Common Pleas, Domestic Relations Division, which overruled her Civ. R. 60(B) motion for relief from judgment. Defendant-appellee is Bruce Fahrer.

STATEMENT OF THE CASE AND FACTS

**{¶2}** Appellant and Appellee were divorced via Agreed Judgment Entry/Decree of Divorce filed August 25, 2022. Appellant filed a Notice of Appeal from that judgment entry, which was assigned case number 2022 CA 00036 ("Case No. 2022 CA 00036").

**{¶3}** On December 14, 2022, while the appeal in Case No. 2022 CA 00036 was pending, Appellant filed a motion for relief from judgment, moving the trial court to vacate the August 25, 2022 Agreed Judgment Entry/Decree of Divorce. In support of the motion, Appellant filed her Affidavit as well as the transcripts of Appellee's and her depositions. On January 18, 2023, this Court remanded the matter to the trial court to rule on Appellant's pending motion on or before February 13, 2023.

**{¶4}** In her motion for relief from judgment, Appellant argued she had a meritorious defense to present based upon the following:

(1) Appellee's conduct in removing $169,000 from a retirement account which he used to purchase a residence in Lancaster, Ohio;

(2) The failure of the Agreed Judgment Entry/Decree of Divorce to include a division of the appreciation of shares in Lancaster West Side Coal Co., which was a marital asset;

(3) The failure of the Agreed Judgment Entry/Decree of Divorce to include a division of BZK, Inc., which was organized during the marriage; and

(4) The payment of monthly installments, which were listed as Appellee's expenses, by Lancaster West Side Coal Co.

December 14, 2022 Motion for Relief from Judgment at p. 2.

{¶5} Appellant further maintained she was entitled to relief under Civ. R. 60(B)(1) and (3). With regard to her assertion she was entitled to relief under Civ. R. 60(B)(1), excusable neglect, Appellant explained she was admitted to Mount Carmel Behavioral Health on August 11, 2022, following a suicide attempt, and was discharged on August 17, 2022, eight (8) days before executing the Agreed Judgment Entry/Decree of Divorce on August 25, 2022. Relative to her claim she was entitled to relief under Civ. R. 60(B)(3), fraud, misrepresentation, or other misconduct of an adverse party, Appellant stated Appellee removed $169,000 from a retirement account despite the trial court's temporary restraining order as to the parties' assets; Appellee failed to identify portions of his business interests in Lancaster West Side Coal Co. and BZK, Inc. as marital property; and Appellee's representation she did not hold any stock in Lancaster West Side Coal Co.

{¶6} Appellee filed a memorandum contra on February 7, 2023. Appellant filed his own Affidavit in support thereof.

{¶7} Via Judgment Entry filed February 13, 2023, the trial court denied Appellant's motion. The trial court found Appellant did not have a meritorious claim or defense to present to the trial court if relief was granted. The trial court also found Appellant did not establish she was entitled to relief under either Civ. R. 60(B)(1) or (B)(3).

{¶8} It is from this judgment entry Appellant appeals, raising the following assignments of error:

I. THE TRIAL COURT ERRED IN DETERMINING THAT R.C. 3105.171(I) AND ITS APPLICATION BY THE OHIO SUPREME COURT IN *WALSH V. WALSH*[,] 157 OHIO ST.3D 322, 2019-OHIO-3723[,] PREVENTED THE USE OF CIVIL RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT TO VACATE THE AGREED ENTRY OF DIVORCE.

II. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT APPELLANT FAILED TO ESTABLISH A MUTUAL MISTAKE ENTITLING HER TO RELIEF FROM JUDGMENT.

III. THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING TO CONSIDER THE APPELLANTS' [SIC] MEDICAL RECORDS IN DETERMINING WHETHER THE MOTION FOR RELIEF ASSERTED OPERATIVE FACTS TO SUPPORT APPELLANTS' [SIC] CLAIMS.

IV. THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THAT APPELLANT FAILED TO ESTABLISH THAT SHE WAS ENTITLED TO RELIEF UNDER CIVIL RULE 60(B) "EXCUSABLE NEGLECT".

V. THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THAT APPELLANT FAILED TO DEMONSTRATE FRAUD, MISREPRESENTATION OR OTHER MISCONDUCT OF AN ADVERSE PARTY AS INFORMATION REGARDING THE ASSETS AND APPELLEE'S CONDUCT WAS AVAILABLE TO OR KNOWN BY APPELLANT'S COUNSEL OF RECORD.

VI. THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THAT APPELLANT DID NOT HAVE ANY MERITORIOUS DEFENSE TO ASSERT IF SHE WERE GRANTED RELIEF FROM THE AGREED ENTRY OF DIVORCE BASED UPON THE PARTIES WAIVING A DETERMINATION OF WHETHER ASSETS WERE SEPARATE OR MARITAL, AND THE PARTIES WAIVED A VALUATION OF THE ASSETS. CIV. R. 60(B).

## STANDARD OF REVIEW

{¶9} Civ. R. 60(B) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * The motion shall be made within a reasonable time, and for reasons (1), (2)

and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

{¶10} To prevail on a Civ.R. 60(B) motion, "the movant must demonstrate: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Electric v. ARC Industries*, 47 Ohio St.2d 146, 150–151, 351 N.E.2d 113 (1976), paragraph two of the syllabus  Where any one of the foregoing requirements is not satisfied, Civ.R. 60(B) relief is improper. *State ex rel. Richard v. Seidner,* 76 Ohio St.3d 149, 151, 1996–Ohio–54, 666 N.E.2d 1134. "A motion for relief from judgment under Civ. R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987).

I

{¶11} In her first assignment of error, Appellant contends the trial court erred in denying her Civ. R. 60(B) motion for relief from judgment based upon the Ohio Supreme Court's holding in *Walsh v. Walsh*, 157 Ohio St.3d 322, 2019-Ohio-3723, 136 N.E.3d 460.

{¶12} In *Walsh*, supra, the Ohio Supreme Court considered the impact of R.C. 3105.171(I) on a trial court's ability to grant Civ.R. 60(B) relief.  The *Walsh* Court held:

Civ.R. 60(B) cannot be used to alter the statutory requirements for the modification of a decree. Because R.C. 3105.171(I) does not permit modification absent the consent of both parties, Civ.R. 60(B) cannot provide a workaround.

*Id.* at ¶ 23.

{¶13} R.C. 3105.171(I) provides: "A division or disbursement of property or a distributive award made under this section is not subject to future modification by the court except upon the express written consent or agreement to the modification by both spouses."

{¶14} Appellant maintains the trial court erroneously concluded all of her meritorious defenses related solely to the property division when, in fact, she was seeking to have the entire Agreed Judgment Entry/Decree of Divorce vacated. In support of her position Civ. R. 60(B) can be used to vacate an entire divorce decree, Appellant relies upon the Second District Court of Appeals' decision in *Quesinberry v. Quesinberry*, 2nd Dist. Montgomery No. 29192, 2022-Ohio-635, 185 N.E.3d 1163.

{¶15} In *Quesinberry*, the former wife filed a motion for relief from judgment, alleging there was no true meeting of the minds with regard to the terms of the parties' separation agreement because the husband had failed to disclose the existence and value of certain assets and debts. The trial court found it would be inequitable to vacate the dissolution decree, noting, during the dissolution hearing, the wife acknowledged she read, understood, and was satisfied with the agreement's terms. *Id.* at ¶ 13.

**{¶16}** The Second District Court of Appeals determined the wife's "Civ.R. 60(B) motion sought *vacation* of the dissolution decree in its entirety, not alteration of the separation agreement while leaving the decree intact." *Id.* at ¶ 18. The Court distinguished *Walsh*, supra, from the matter before it, finding "*Walsh* did not involve an attempt to use Civ.R. 60(B) to vacate an entire divorce or dissolution decree." *Id.* at ¶ 19. The *Quesinberry* Court was "unpersuaded [by the husband's argument] that vacating an entire dissolution decree [was] the same as modifying the terms of a separation agreement contained within a decree." *Id.* at ¶ 20. The Court found the wife was "not seeking to change the terms of the separation agreement" as her "argument [was] broader and more fundamental," to wit: no valid separation agreement existed; therefore, the dissolution decree could be vacated under Civ.R. 60(B). *Id.*

**{¶17}** The *Quesinberry* Court concluded the trial court did not abuse of discretion in denying the wife's Civ.R. 60(B) motion for relief based on fraud, misrepresentation, or mistake. *Id.* at ¶ 25. However, the Court held the trial court abused its discretion in failing to find the wife was entitled to relief under Civ.R. 60(B)(1) on the basis of a mutual mistake. *Id.* at ¶ 37. The Court reached its conclusion based upon the parties' testimony at the hearing on the wife's Civ. R. 60(B) motion.

**{¶18}** The trial court herein found *Quesinberry*, supra, was distinguishable as Appellant was "really seeking to modify only the agreed property division and because this case involves no mutual mistake of fact." February 13, 2023 Judgment Entry at p. 7. We agree.

**{¶19}** We further distinguish *Quesinberry*, supra, from the case sub judice as we find no mutual mistake, as discussed, infra. In addition, unlike the wife in *Quesinberry*,

supra, Appellant was represented by legal counsel throughout the proceedings and received an award of spousal support as well as an allocation of marital assets. The parties herein also engaged in extensive discovery, which did not occur in *Quesinberry*, supra. Finally, unlike the separation agreement in *Quesinberry*, supra, the Agreed Judgment Entry/Decree of Divorce herein included broad waiver language, to wit:

15. that the parties intelligently and voluntarily entered into this Agreed Judgment Entry/Decree of Divorce settling all issues in this divorce case;

16. that each party disclosed all assets and liabilities know to him/her during the pendency of the case and that each party, in reliance thereon, has waived further discovery in their divorce case; * * *

18. That the parties recognized that they have a right * * * to written Findings of Fact and Conclusions of Law from the Court as to the value of all marital property, the location of all marital property, the division of all marital property, the duration of the marriage, the nature of assets as marital or separate, how division of assets and liabilities were to be determined to be equitable and fair and other findings * * * regarding property and debt division matters;

19. that the parties hereby expressly, knowingly and voluntarily waived their right to Findings of Fact and Conclusions of Law from the Court as required by Ohio Law except as otherwise provided herein and that the division of property and debts provided herein is equitable * * *;

20. that each party has, pursuant to the Ohio Revised Code, waived any requirement that the Court make a determination regarding the marital or separate nature of the property and debts of the parties.

August 25, 2022 Agreed Judgment Entry/Decree of Divorce at pp. 2-3.

**{¶20}** The inclusion of this broad language precludes Appellant from challenging the Agreed Judgment Entry/Decree of Divorce through a Civ. R. 60(B) motion for relief from judgment.

**{¶21}** Despite Appellant's bold assertion "she was trying to have the entire Agreed Entry of Divorce vacated," Brief of Appellant at p. 13, a review of the grounds upon which she based her Civ. R. 60(B) motion for relief from judgment reveals the contrary, a modification related solely to the property division. See, Statement of the Case and Facts, supra.

**{¶22}** Furthermore, to restate, R.C. 3105.171(I) provides:

A division or disbursement of property or a distributive award made under this section is not subject to future modification by the court except upon the express written consent or agreement to the modification by both spouses.

**{¶23}** In addition, Article XIV of the Agreed Judgment Entry/Decree of Divorce provides:

Except as otherwise provided in the Agreed Judgment Entry/Decree of Divorce, the Court shall retain jurisdiction for the sole purpose of approving future modifications of this Agreed Judgment Entry/Decree of Divorce so long as the such [sic] modifications are entered into by the expressed written agreement of the parties.

**{¶24}** August 25, 2022 Agreed Judgment Entry/Decree of Divorce.

**{¶25}** In this case, Appellant did not seek Appellee's consent to Appellant's requested modifications pursuant to R.C. 3105.171(I) or the Agreed Judgment Entry/Decree of Divorce; therefore, the trial court did not have the authority to modify the decree. *Walsh*, supra at ¶ 20. The trial court correctly found Appellant could not use Civ.R. 60(B) to circumvent R.C. 3105.171(I). *Id.* at ¶ 23.

**{¶26}** Based upon the foregoing, Appellant's first assignment of error is overruled.

II

**{¶27}** In her second assignment of error, Appellant argues the trial court abused its discretion in finding she failed to establish a mutual mistake entitling her to relief from judgment.

**{¶28}** In order to obtain Civ. R. 60(B)(1) relief on the basis of mistake, the court must find "a mutual mistake shared by both parties as to a material fact in the case." *Smith v. Smith,* 8th Dist. Cuyahoga No. 83275, 2004 Ohio 5589, at ¶ 17. Courts, therefore, generally do not grant relief from a judgment when the alleged mistake was a unilateral mistake on the part of one party or its counsel. *Mamula v. Mamula,* 11th Dist. No. 2005–T–0148, 2006–Ohio–4176, ¶ 14. Nevertheless, a court may find a unilateral mistake

qualifies as a ground for relief from judgment if the party alleging the mistake shows a justification for failing to avoid the mistake. *Id.* Negligence is an insufficient justification. *McLoughlin v. McLoughlin,* 10th Dist. Franklin No. 05AP–621, 2006–Ohio–1530, ¶ 35.

**{¶29}** In her Brief to this Court, Appellant asserts she "is entitled to relief from the agreed entry based upon a mutual mistake as to the law regarding the division of the Lancaster West Side Coal Company and BZK, Inc." Brief of Appellant at p. 14.

**{¶30}** The Agreed Judgment Entry/Decree of Divorce provides, in relevant part:

> With regard to Lancaster West Side Coal Co. Inc., [Appellant] has agreed to the terms of this paragraph based on [Appellee's] representation that she never held any stock for Lancaster West Side Coal Co., Inc., in her name.

**{¶31}** Appellant explains she believed she was required to own shares of the corporation in order to participate in the division of the appreciation of Appellee's separate asset. Appellant adds she also believed Appellee inherited his share ownership in the corporation from his father in or about 2016. Appellant acknowledges she "was mistaken about when [Appellee] obtained his shares, and she was mistaken as to her rights depending on ownership of shares." Brief of Appellant at p. 15. Appellant contends, "This was a mutual mistake" and Appellee "made no attempt to correct [Appellant's] belief that she had to own shares of West Side Coal and BZK, Inc. in order to be awarded a portion of their value." *Id.*

**{¶32}**  Appellant has failed to present any evidence to establish a mutual mistake. The trial court record reveals Appellant's attorneys engaged in extensive discovery, including conducting Appellee's deposition and retained experts to value the businesses. Accordingly, we find any mistaken belief on Appellant's part regarding when Appellee obtained his shares in the corporations and her right to receive a division of the asset was a unilateral mistake.  As stated, supra, "a unilateral mistake qualifies as a ground for relief from judgment if the party alleging the mistake shows a justification for failing to avoid the mistake." *Mamula*, supra at ¶ 14.  We find Appellant has presented any evidence to show a justification for failing to avoid these mistakes, and expressly waived any such claim in the Agreed Judgment Entry/Decree of Divorce.

**{¶33}** Based upon the foregoing, Appellant's second assignment of error is overruled.

### III, IV

**{¶34}** We elect to address Appellant's third and fourth assignments of error together.  In her third assignment of error, Appellant submits the trial court abused its discretion in refusing to consider Appellant's medical records in determining whether the motion for relief from judgment asserted operative facts to support her claim of excusable neglect.  In her fourth assignment of error, Appellant maintains the trial court abused its discretion in finding she failed to establish she was entitled to relief based upon excusable neglect.

**{¶35}** In support of her motion for relief from judgment on the grounds of excusable neglect, Appellant refers to her Affidavit, in which she discusses her suicide

attempt and the aftermath, as well as medical records from her admission to Mount Carmel Behavioral Health on August 11, 2022, following the suicide attempt.

**{¶36}** To determine whether neglect is "excusable" under Civ.R. 60(B)(1), a court must consider all the surrounding facts and circumstances. *Rose Chevrolet, Inc. v. Adams,* 36 Ohio St.3d 17, 520 N.E.2d 564 (1988). Excusable neglect has been defined as some action "not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident." *Stevens v. Stevens*, 5th Dist. Fairfield No. 16-CA-17, 2016-Ohio-7925, ¶ 14, citing *Maggiore v. Barensfeld,* 5th Dist. Stark Nos. 201CA00180, 2011CA00230, 2012–Ohio–2909. "It is well settled that mere carelessness on a litigant's part, or on the part of his or her attorney, is not sufficient to rise to the level of mistake, inadvertence, surprise, or excusable neglect." *Id.*, citing *Muskingum Watershed Conservatory District v. Kellar,* 5th Dist. Tuscarawas No. 2011AP020009, 2011–Ohio–6889; *Blaney v. Kerrigan,* 5th Dist. Fairfield No. 12–CA–86, 1986 WL 8646 (Aug. 4, 1986). "Excusable neglect is not present if the party seeking relief could have prevented the circumstances from occurring." *Maggiore v. Barensfeld,* supra, citing *Porter, Wright, Morris & Arthur, LLP v. Frutta Del Mondo, Ltd.,* 10th Dist. Franklin No. 08AP–69, 2008–Ohio–3567.

**{¶37}** Addressing Appellant's claim she was entitled to relief from judgment on the basis of excusable neglect, the trial court found Appellant had been represented by competent legal counsel throughout the proceedings. February 13, 2023 Judgment Entry at p. 9. The trial court noted the parties and their respective counsel signed the Agreed Judgment Entry/Decree of Divorce, which provided, "the parties intelligently and

voluntarily entered into this Agreed Judgment Entry/Decree of Divorce settling all issues in this divorce case." *Id.* at p. 10. The trial court also found Appellant, during her testimony at the uncontested divorce hearing, indicated she reviewed the document with her legal counsel, understood its terms, and wished for the trial court to adopt the Agreed Judgment Entry/Decree of Divorce and terminate the marriage. The trial court acknowledged Appellant's comment she was not at peace with the agreement, but added Appellant agreed the agreement was fair and equitable.

**{¶38}** With respect to Appellant's medical records, the trial court determined the records were hearsay and were not properly presented in the form of operative facts as evidentiary materials to support her motion for relief from judgment. However, the trial court added:

Even if said documents from Mount Carmel Behavioral Health could be considered for the pending motion, none of the documents from Mount Carmel Behavioral Health indicate that [Appellant] was incompetent in August of 2022. And further, the Discharge Care Plain of [Appellant] dated August 16, 2022 and attached to [Appellant's] Affidavit indicates [Appellant] was discharged with two medications and that no further discharge instructions or limitations for [Appellant] were included on the Discharge Care Plan. No operative facts were presented to indicate that [Appellant] had been or has been placed under a guardianship as a result of her alleged difficulties. Further, [Appellant] did not present as operative facts any expert

medical evidence that [she] was incompetent to understand and sign the Agreed Judgment Entry/Decree of Divorce on August 25, 2022.

*Id.* at p. 11.

**{¶39}** We find the trial court did not abuse its discretion in finding Appellant failed to present operable facts which support a finding of excusable neglect under the facts and circumstances in this case. While we acknowledge the despair Appellant must have been experiencing when she attempted to take her life by suicide, we cannot conclude her attempted suicide and subsequent hospitalization constituted excusable neglect. We find, like the trial court, Appellant's medical records are not of sufficient evidentiary quality to warrant relief from judgment pursuant to Civ.R. 60(B). However, even considering Appellant's medical records, we find Appellant did not present any evidence her emotional problems rendered her incompetent for purposes of comprehending the legal proceedings.

**{¶40}** As the Eleventh District Court of Appeals stated in *Fouts v. Weiss–Carson*, 77 Ohio App.3d 563, 602 N.E.2d 1231 (1991):

Although appellant's affidavit indicates that she has been emotionally distraught over her pending divorce, causing her to take medical leave and seek psychiatric counseling, we have no operative facts as to the severity of her mental condition or whether her condition would have rendered her *incompetent* for purposes of receiving service or comprehending her legal obligations.

**{¶41}** *Id.* at 566 (Emphasis in original).

**{¶42}** Within her fourth assignment of error, Appellant raises "Issue No. 1," in which she specifically takes issue with the trial court's finding her suicide attempt did not constitute excusable neglect as she "could have prevented the circumstances." In its February 13, 2023, the trial court cites this Court's decision in *M.R. Durant Electric, LLC v. Awesome87, LLC*, 5th Dist. Muskingum Nos. CT2016–0060, CT2017–0003, 2017-Ohio-4331, in which we held, "Excusable neglect is not present if the party seeking relief could have prevented the circumstances from occurring." *Id.* at ¶ 22. We find the trial court neither explicitly or implicitly found Appellant "could have prevented the circumstances" surrounding her attempted suicide. The trial court quoted the law and concluded, "[Appellant] did not explain what excusable neglect allegedly occurred." February 13, 2023 Judgment Entry at p. 12.

**{¶43}** Based upon the foregoing, we overrule Appellant's third and fourth assignments.

V

**{¶44}** In her fifth assignment of error, Appellant posits the trial court abused its discretion in finding Appellant failed to demonstrate fraud, misrepresentation, or other misconduct of Appellee as the information regarding assets and Appellee's conduct was available to, or known by, counsel for Appellant.

**{¶45}** "[T]he fraud, misrepresentation, or other misconduct contemplated by Civ.R. 60(B)(3) refers to deceit or other unconscionable conduct committed by a party to obtain a judgment and does not refer to conduct that would have been a defense to or claim in the case itself." *Bank of Am., N.A. v. Kutcha*, 141 Ohio St.3d 75, 2014-Ohio-4275,

21 N.E.3d 1040, ¶ 13.  However, a former spouse is "not entitled to relief from divorce judgment, including stipulated property agreement, on grounds that agreement did not address all couple's assets, * * * where misunderstanding about assets was due to [that former spouse's] failure to seek information rather than [other former spouse's] fraud or active concealment." *Vega v. Vega*, 5th Dist. Tuscarawas Nos. 2002AP060048, 2002AP070052, 2003–Ohio–620.

**{¶46}** Appellant maintains she was entitled to relief on the basis of fraud, misrepresentation, or other misconduct of Appellee pursuant to Civ. R. 60(B)(3) due to: (1) Appellee's removal of $169,000 from a retirement account immediately after the complaint for divorce was filed and after the trial court had issued a temporary restraining order; (2) Appellee's classification of his business interests in Lancaster West Side Coal Co. and BZK, Inc. as separate property when, in fact, such was marital property; and (3) Appellee's misrepresentation he inherited all of his shares in Lancaster West Side Coal Co.

**{¶47}** We find Appellant failed to demonstrate deceit or other unconscionable conduct committed by Appellee which would entitle her to relief from judgment pursuant to Civ. R. 60(B)(3).  We further find, upon review of the record, Appellant acknowledged in her motion for relief from judgment and her accompanying Affidavit, she and/or her attorney were/was generally aware of the existence of all of the asserts at issue as early as Appellee's deposition, which was conducted on November 3, 2021.  The record is devoid of any evidence establishing Appellant was prevented from seeking additional information as to these assets prior to or at the time the parties entered into the Agreed Judgment Entry/Decree of Divorce. Counsel for Appellant conducted extensive discovery

relative to the assets at issue.  Additionally, we find Appellant has not demonstrated any fraud, misrepresentation, or other misconduct by Appellee; therefore, the trial court did not abuse its discretion in finding Appellant was not entitled to relief from judgment on Civ. R. 60(B)(3).

{¶48}  Appellant's fifth assignment of error is overruled.

VI

{¶49}  We note Appellant set forth six assignments of error for review.  The sixth assignment of error alleged the trial court abused its discretion in determining she did not have any meritorious defense to assert if she were granted relief from judgment. However, Appellant did not make an argument in the body of her Brief in support of this contention. We, therefore, disregard Appellant's sixth assignment of error. App.R. 12(A)(2); App.R. 16(A)(7).

{¶50}  The judgment of the Fairfield County Court of Common Pleas, Domestic Relations Division, is affirmed.

By: Hoffman, J.
Gwin, P.J.  and
Baldwin, J. concur