OPINION
{¶ 1} Appellant, John R. Mamula, III ("John"), appeals from the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, overruling his Civ.R. 60(B) motion to vacate judgment entered on December 6, 2004, in the divorce proceedings between John and appellee, Karen R. Mamula ("Karen").
 {¶ 2} The record establishes the following facts. John and Karen were married on February 18, 1983. Three children were born as issue of the marriage. On October 14, 2003, John filed a complaint for divorce. On November 1, 2004, the matter came on for hearing before the trial court. On the day of the hearing, the parties placed an oral settlement into the record. The agreement was incorporated into a decree of divorce, approved by appellant and stipulated to by counsel for both parties. On December 6, 2004, the court entered its judgment entry of divorce.
 {¶ 3} In its entry, the court provided for the division of certain retirement assets as follows: "The account balances of [John's] WCI Steel, Inc., ("401(K)") * * * and [Karen's] IRA and Ameritrade account ("IRA") shall be ascertained as of November 1, 2004, and the distribution and division thereof shall be as follows: [John] shall transfer to [Karen] through a Qualified Domestic Relations Order an amount equal to one-half of the difference between his 401(K) and [Karen's] IRA, together with an additional $2,907.44, representing monies due [Karen] * * *."
 {¶ 4} Pursuant to the above retirement asset provision of the divorce decree, an amended Order Transferring Asset ("QDRO") was filed on January, 14, 2005.[1] The QDRO transferred $40,662.85 of John's 401(K) plan to Karen effective November 1, 2004. It is undisputed that as of November 1, 2004, John's 401(K) plan balance was the sum of $88,706.07, and the value of Karen's IRA was $13,195.25, leaving a difference of $75,510.82. According to the divorce decree calculation, Karen was awarded $40,662.85, one-half of $75,510.82 plus $2, 907.41.
 {¶ 5} On September 1, 2005, John filed a motion to vacate the provision of the divorce decree pertaining to the division of his 401(K), pursuant to Civ.R. 60(B). Specifically, John claimed that the division was improperly calculated based upon mistake, or in the alternative, fraud, pursuant to Civ.R. 60(B) (1) and (3). In response, Karen filed a memorandum in opposition.
 {¶ 6} On November 21, 2005, without holding an evidentiary hearing, the trial court denied John's motion. In its judgment entry the court stated in pertinent part: "Based on the record, the Decree of 12/06/04, which incorporated the stipulations of the parties, the Motion, and the arguments of Counsel, the Court finds that the 9/1/05 Motion is not well taken."
 {¶ 7} It is from this judgment that John filed a timely appeal asserting the following sole assignment of error:
 {¶ 8} "The trial court erred and abused its discretion in failing to grant a hearing and by overruling Plaintiff's Motion to Vacate in the Division of Pension Assets."
 {¶ 9} John argues that he is entitled to relief pursuant to Civ.R. 60(B) because the provisions of the divorce decree, relating to the division of his 401(K), were entered into by mistake, or misrepresentation. He also alleges that the pension division of the divorce judgment must be vacated because he was not given the opportunity to be heard at an evidentiary hearing, and did not approve the QDRO.
 {¶ 10} To prevail on a motion brought pursuant to Civ.R. 60(B), the movant must show:
 {¶ 11} "* * * (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Electric v. ARC Industries
(1976), 47 Ohio St. 2d 146, paragraph two of the syllabus. If any of the elements are not met, the motion should be overruled.Thrasher v. Thrasher (June 15, 2001), 11th Dist. No. 99-P-0103, 2001 Ohio App. LEXIS 2720, at 6. The decision to grant or deny a motion for relief from judgment is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion connotes more than an error of law or of judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 12} John first asserts mistake, under Civ.R. 60(B)(1). He contends that the divorce decree does not properly set forth the intentions of the parties as to the division of the retirement assets. In the divorce decree, the court stated in pertinent part: "The account balances * * * shall be ascertained as of November 1, 2004." He claims that the parties intended to adjust the November 1, 2004 balance of Karen's IRA, for earlier withdrawals made by her. In his argument, John claims that both parties borrowed $40,000 against John's 401(K) while the divorce was pending and that Karen earlier withdrew $46,025.73 from her IRA account. Thus, he essentially argues that they agreed to factor Karen's withdrawals back into the balance of her IRA, to offset John's loan obligation against his 401(K). John claims that applying the corrected figures would result in a reduction of Karen's interest in his 401(K) from the $40,662.85 as ordered in the QDRO, to $17,649.99.
 {¶ 13} Under Civ.R. 60(B)(1), the court may relieve a party from a final judgment for "mistake, inadvertence, surprise or excusable neglect." In order to obtain relief on the basis of mistake, the court must find "a mutual mistake shared by both parties as to a material fact in the case." Smith v. Smith, 8th Dist. No. 83275, 2004 Ohio 5589, at ¶ 17.
 {¶ 14} "* * * [T]he courts of this state have generally held that relief from the decree will not be granted when the alleged `mistake' was merely a unilateral mistake on the part of one party or her counsel." Irwin v. Irwin, 11th Dist. No. 95-L-102, 1996 Ohio App. LEXIS 4210, at 13; see, also, Cook v. Cook, 11th Dist. No. 2000-P-0057, 2001 Ohio App. LEXIS 3448, at 10-11 (party agreed to settlement dividing marital property by parcel rather than actual acreage); Hytree v. Hytree, 11th Dist. No. 93-L-036, 1994 Ohio App. LEXIS 2544, at 7-8 (party failed to have marital property properly valued prior to signing settlement agreement); In re Wise (1988), 46 Ohio App.3d 82, 83-84, (party drafting settlement agreement failed to include the other party's military pension). In these situations, the party alleging the mistake "must show why he was justified in failing to avoid mistake or inadvertence[;] gross carelessness is insufficient."Galley v. Galley (May 18, 1994), 1st Dist. Nos. 93-CA-31 and 93-CA-32, 1994 Ohio App. LEXIS 2105, at 11 (citation omitted); cf. Najarian v. Kreutz (Aug. 31, 2001), 6th Dist. No. L-00-1302, 2001 Ohio App. LEXIS 3887, at 9, quoting Walther v.Walther (1995), 102 Ohio App.3d 378, 383 ("neither a change of heart nor poor legal advice is a ground to set aside a settlement agreement").
 {¶ 15} In this case, the trial court did not err in refusing to grant relief under Civ.R. 60(B)(1). There was no evidence of a mutual mistake regarding a material fact of the case. John would have us believe that the parties intended to provide for an adjustment to Karen's share of John's 401(K) by adding her withdrawal amounts to her actual existing IRA account balance in the computation formula. Even if that were true, neither party addressed that issue at the time of the stipulated judgments entry. John cannot now claim inadvertence, surprise or excusable neglect.
 {¶ 16} This court has carefully reviewed the transcript, and can find no statement from counsel for either party, that shows that the parties expected the court to apply an adjustment in the values of the retirement assets in the QDRO. The only relevant statements from counsel support the belief that the parties did anticipate a division of both retirement assets valued as of the balances of November 1, 2004. The transcript of the divorce hearing reveals that counsel for Karen indicated to the court that "[w]e will use values of the accounts * * * as of this date, November 1, 2004, whatever that balance is in each of those accounts will be used." We further note that the evidence reveals that Karen's IRA withdrawals totaling $46,025.73 had occurred by the end of December 31, 2003, well before the divorce proceedings were concluded on November 1, 2004.
 {¶ 17} It is apparent that John has not set forth any reason justifying the failure to include the alleged adjustment to Karen's IRA balance of November 1, 2004, absent his own mistake or neglect. It is well-settled that these grounds do not justify relief. See, e.g., Swartzentruber v. Swartzentruber (Mar. 27, 1991), 9th Dist. Nos. 2580 and 2583, 1991 Ohio App. LEXIS 1260, at 3-4 (relief would not be granted where movant was aware of the nature, extent and value of the marital assets when she entered into the settlement agreement).
 {¶ 18} Alternatively, John argues misrepresentation under Civ.R. 60(B)(3), because Karen knew she was not entitled to receive $40,662.85 from John's 401(K). He asserts that Karen agreed to modify the retirement computation and knew that she was entitled to only $17,649.99, based upon adding her withdrawal amounts back into her IRA balance.
 {¶ 19} While we regrettably note that the divorce decree itself does not specify the values of the retirement accounts, there is no evidence that Karen agreed to any adjustment in the value of her IRA, other than its balance as of November 1, 2004. Nothing in the record demonstrates that Karen misrepresented the balance in her IRA and John offered no evidence that Karen obscured the actual value of the account, or agreed to otherwise deviate from the divorce decree calculation using the November 1, 2004 balance.
 {¶ 20} Thus, the evidence does not support a finding that Karen knowingly made any misrepresentation of material fact with the intention of misleading John, with the result that John actually relied on any alleged misrepresentation. John failed to demonstrate the existence of any misrepresentation or misconduct in connection with the divorce decree's allocation of retirement assets.
 {¶ 21} Moreover, we are mindful, as was the trial court that the parties stipulated to the division of the pension and the 401(k) plans as of the balances "as of November 1, 2004."
 {¶ 22} The language of the divorce decree states: "the following stipulations and agreements entered into by and between [John] and [Karen] in open court are fair, reasonable, and equitable * * *."
 {¶ 23} We note that a trial court speaks through its judgment entries. Brackmann Communications, Inc. v. Ritter (1987),38 Ohio App.3d 107, 109. Absent some proof in the record to the contrary, therefore, this court will accept the statements of the trial court in a judgment entry as accurate.
 {¶ 24} Next, John argues that the court erred by not conducting a hearing. John contends that that court improperly entered two QDROs regarding his 401(K). The first QDRO assigned fifty percent John's 401(K) balance to Karen. In the space provided for John's attorney to sign, his counsel initialed it and wrote "Submitted on 11/5/04-not returned." The amended QDRO was entered by the court on January 14, 2005, and ordered the transfer of $40,662.85 from John's 401(k) to Karen, instead of the fifty percent assignment in the first QDRO. In the space provided for John's counsel's signature, his counsel wrote, "Not approved as directed by client." Thus, John argues that the court should have convened a hearing to address the issue at that time, before his Civ.R. 60(B) motion was filed, almost nine months later on September 1, 2005. We disagree.
 {¶ 25} First, we note that the QDRO's are not the subject of this appeal. John is appealing from the court's denial of his motion to vacate the divorce decree. Even if this issue was properly before this court, John's argument must fail. A QDRO was necessary to effectuate the provisions of the court's prior order of divorce and John does not dispute that the amended QDRO clearly implemented its earlier divorce decree.
 {¶ 26} John's argument that the court should have conducted a hearing on his Civ.R. 60(B) motion is also not well taken. A movant is entitled to a hearing on a motion for relief from judgment if "the motion and affidavits contain allegations of operative facts which would warrant relief under the rule."Sykes Const. Co., Inc. v. Maple Wood Care Inc. (May 3, 1991), 11th Dist. No. 90-P-2218, 1991 Ohio App. LEXIS 1995, at 2 (citation omitted); Coulson v. Coulson (1983), 5 Ohio St.3d 12,16, (citation omitted.)"; Adomeit v. Baltimore (1974),39 Ohio App.2d 97, paragraph two of the syllabus. "If the material submitted by the movant in support of a motion for relief from judgment under Civil Rule 60(B) contains no operative facts or meager and limited facts and conclusions of law, it will not be an abuse of discretion for the trial court to overrule the motion and refuse to grant a hearing." Id. at paragraph four of the syllabus.
 {¶ 27} Based upon our determination above, it is clear that John failed to present operative facts which would warrant relief contemplated under Civ.R. 60(B). Thus, the court did not abuse its discretion by overruling John's motion without conducting an oral hearing.
 {¶ 28} Finally, John contends that the divorce decree is not an equitable division of marital assets and violates R.C.3105.171(C)(1). This argument is unpersuasive.
 {¶ 29} While we agree that the trial court must divide marital property in an equitable manner, the court is vested with broad discretion when fashioning this division. Bisker v.Bisker (1994), 69 Ohio St.3d 608, 609. Thus, absent an abuse of discretion, the trial court's division of marital property and allocation of marital debt will be upheld. See Buckeye v.Buckeye, 11th Dist. No. 99-P-0086, 2000 Ohio App. LEXIS 6210, at 4. To address John's argument would require this court to extend our scope of review to the entire property division, well beyond the permissible bounds of our limited review of the court's decision to overrule John's Civ.R. 60(B) motion, which solely relates to the division of his 401(K).
 {¶ 30} It is clear that John is attempting to use a motion for relief from judgment pursuant to Civ.R. 60(B) as a substitute for appeal. It is well settled that a Civ.R. 60(B) motion for relief from judgment is not a substitute for a timely perfected appeal. Morgan Auto Paint Co. v. Glassner, 9th Dist. No. 20811, 2002-Ohio-1751 at 3, citing Doe v. Trumbull Cty. Children Servs.Bd. (1986), 28 Ohio St.3d 128, paragraph two of the syllabus.Spencer v. Spencer, 11th Dist. No. 2000-P-0080, 2001 Ohio App. LEXIS 2957, at 7. In this case, John failed to raise his issues on direct appeal and cannot now substitute a Civ.R. 60(B) motion for an appeal.
 {¶ 31} Since John has not met the second prong of the GTE
test, he is not entitled to relief because he failed to present operative facts and evidential material to support his claim of mistake under Civ.R. 60(B)(1) and misrepresentation under Civ.R. 60(B)(3). Further, the trial court acted wholly within its discretion in denying appellant's motion for relief from judgment, without holding an evidentiary hearing.
 {¶ 32} Accordingly, upon reviewing the record, we conclude that the trial court did not abuse its discretion in denying his motion to vacate and by failing to conduct an evidentiary hearing. John's sole assignment of error is without merit.
 {¶ 33} The judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is affirmed.
Rice, J., concurs, Grendell, J., concurs in judgment only.
[1] The January 14, 2005 Order amended an earlier Order to transfer the share of John's 401(K) to Karen.