OPINION
{¶ 1} Darrell L. Lewis appeals from the judgment of the Portage County Court of Common Pleas, Domestic Relations Division, denying his motion for relief from judgment pursuant to Civ.R. 60(B). We affirm.
 {¶ 2} Darrel L. Lewis and Carla J. Lewis were married June 17, 1995.Lewis v. Lewis, 11th Dist. No. 2002-P-0111, 2003-Ohio-5006, at ¶ 2 (hereinafter, "Lewis I"). The marriage was without issue. Id. October 31, 2001, Ms. Lewis filed for divorce. Trial *Page 2 
was originally set for May 29, 2002, then reset for July 3, 2002. October 2, 2002, the trial court filed its judgment entry of divorce.
 {¶ 3} Ms. Lewis timely noticed appeal. In relevant part, she contested the trial court's order dividing equally between herself and her ex-husband the value of a home they owned in Florida. Cf. Lewis I at ¶ 4, 8, 11. At the time of the marriage, Ms. Lewis owned a home in Atwater, Ohio. Id. at ¶ 2. The house in Florida was purchased with $30,000 borrowed against the Atwater house. Id. The trial court had found the Florida house to be worth $47,000 at the time of final hearing, and had ordered the house either be sold, with the net proceeds divided between the parties, or that one party should purchase the other's share for $23,500. Id. at ¶ 4. On appeal, this court held, in relevant part:
 {¶ 4} "The implied characterization of the Florida residence as marital property was against the manifest weight of the evidence. Thus, the trial court's decision must be reversed and the matter remanded. On remand, the trial court is instructed to determine what percentage of the value of the Florida residence can be traced back to the Atwater residence, which was clearly separate property [belonging to Ms. Lewis] at the time of the parties' marriage, and at least the vast majority of which was still separate at the time the Florida residence was purchased. The trial court must also consider that any appreciation in the fair market value of either residence may or may not represent passive income and appreciation pursuant to R.C. 3105.171(A)(6)(a)(iii)." Lewis I at ¶ 35.
 {¶ 5} On remand, the matter came on for hearing December 2, 2004. The trial court filed its judgment entry the same day, holding, in relevant part: *Page 3 
 {¶ 6} "The parties' Florida residence is found to be the separate property of [Ms. Lewis] and each party is entitled to one-half of the appreciated value. [Ms. Lewis'] appraiser suggests the fair market value of the property to be `around' $37,000, but acknowledges the parties paid $30,000 for the property. Equity demands that the Court use $30,000 as the fair market value of the property at the time of purchase. The Court further finds the value at the time of trial was $47,000.
 {¶ 7} "IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that each party is entitled to one-half of the appreciated value or $8,500 each."
 {¶ 8} September 13, 2005, Ms. Lewis moved the trial court to compel Mr. Lewis to accept $8,500 in return for his share of the Florida property. The matter was set for hearing before the magistrate October 19, 2005, then rescheduled for November 7, 2005. Mr. Lewis then retained new counsel, who moved for a continuance, which was granted until December 7, 2005. November 23, 2005, Ms. Lewis moved the trial court to vacate its judgment of December 2, 2004, dividing the marital portion of the Florida property, alleging the trial court had not properly determined whether any portion of that property was marital, or whether appreciation in the property's value was merely passive.
 {¶ 9} Hearing was held before the magistrate December 7, 2005. December 8, 2005, he filed his decision, granting Ms. Lewis' motion to compel Mr. Lewis to accept $8,500 for his half of the marital portion of the Florida property, as determined by the trial court's December 2, 2004 judgment entry. No entry reducing this decision to judgment was ever submitted to the trial court. *Page 4 
 {¶ 10} October 11, 2006, Mr. Lewis moved the trial court to vacate the magistrate's decision of December 8, 2005. The basis for this motion was an appraisal of the Florida property, dated October 16, 2003, valuing it at $95,000. In his motion, Mr. Lewis noted the value of $47,000 used previously by the trial court was derived from a letter by a Florida realty broker, which was admitted at trial, in July 2002. Mr. Lewis testified at trial to his belief the property might be worth as much as $80,000, but seems to have submitted no other evidence.
 {¶ 11} October 11, 2006, Mr. Lewis also moved the trial court for an order holding Ms. Lewis in contempt, for alleged failure to turn over various items of personal property. Ms. Lewis responded to both motions November 20, 2006.
 {¶ 12} Hearing was held before the magistrate December 4, 2006, and he filed his decision December 12, 2006. The magistrate held that his decision of December 8, 2005, had never been made a proper order of the court. He held the trial court's December 2, 2004 judgment entry, finding the Florida property to be worth $47,000, awarding it to Ms. Lewis, and ordering that $17,000 be divided between the parties, disposed of Ms. Lewis' November 23, 2005 motion to vacate, deeming the December 2, 2004 judgment entry determined, inter alia, that $17,000 of the property's value was marital, not passive. The magistrate denied Mr. Lewis' Civ.R. 60(B) motion of October 11, 2006, deeming Mr. Lewis had opportunity to submit his appraisal at the time of trial.
 {¶ 13} December 22, 2006, Mr. Lewis submitted timely objections to the magistrate's decision. May 14, 2007, the magistrate issued another decision. At the December 4, 2006 hearing, the magistrate had stated he required a further evidentiary hearing. By his May 14, 2007 decision, the magistrate concluded there were no *Page 5 
unresolved issues to be decided. By a judgment entry filed May 31, 2007, the trial court adopted the December 12, 2006, and May 14, 2007 decisions of the magistrate.
 {¶ 14} June 27, 2007, Mr. Lewis timely noticed this appeal, assigning one error:
 {¶ 15} "IT IS AN ABUSE OF DISCRETION AND ERROR FOR THE TRIAL COURT TO DISMISS DEFENDANT/APPELLANT'S 60(B) MOTION WITHOUT EVIDENTIARY HEARING."
 {¶ 16} In reviewing a trial court's decision to adopt or reject a magistrate's decision, an appellate court looks for abuse of discretion.Hayes v. Hayes, 11th Dist. No. 2005-L-138, 2006-Ohio-6538, at ¶ 10. We review a trial court's decision on a Civ.R. 60(B) motion under the same standard. Ludlow v. Ludlow, 11th Dist. No. 2006-G-2686, 2006-Ohio-6864, at ¶ 24. An abuse of discretion is no mere error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Rather, the phrase connotes an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. Id. Therefore, "abuse of discretion" describes a judgment neither comporting with the record, nor reason. See, e.g.,State v. Ferranto (1925), 112 Ohio St. 667, 676-678.
 {¶ 17} Civ.R. 60(B) provides, in pertinent part:
 {¶ 18} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based *Page 6 
has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *"
 {¶ 19} "Civ.R. 60(B) is an equitable remedy that is intended to afford relief in the interest of justice. To prevail on a motion pursuant to Civ.R. 60(B), the movant must demonstrate: `(* * *) (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time (* * *).' GTE Automatic Electric, Inc. v. ARC Industries, Inc.
(1976), 47 Ohio St.2d 146 * * *, at paragraph two of the syllabus. These requirements are conjunctive; not disjunctive. Id. at 151."Ludlow, supra, at ¶ 23. (Parallel citation omitted.)
 {¶ 20} Mr. Lewis contends he was entitled to an evidentiary hearing before the trial court on his Civ.R. 60(B) motion.
 {¶ 21} "A movant is entitled to a hearing on a motion for relief from judgment if `the motion and affidavits contain allegations of operative facts which would warrant relief under the rule.' * * * `If the material submitted by the movant in support of a motion for relief from judgment under Civ.R. 60(B) contains no operative facts or meager and limited facts and conclusions of law, it will not be an abuse of discretion for the trial court to overrule the motion and refuse to grant a hearing.'"Mamula v. Mamula, 11th Dist. No. 2005-T-0148, 2006-Ohio-4176, at ¶ 26. (Internal citations omitted.) *Page 7 
 {¶ 22} Consequently, to have been entitled to an evidentiary hearing before the trial court, Mr. Lewis was required to present some operative facts sufficient under Civ.R. 60(B) to warrant potential relief from judgment. He contends he was entitled to relief pursuant to Civ.R. 60(B)(1) and (5).
 {¶ 23} Under Civ.R. 60(B)(1), Mr. Lewis argues it was a mistake for the trial court to accept the lower valuation of the Florida property rather than the higher one he attempted to introduce into evidence in October 2006. We respectfully disagree.
 {¶ 24} Relief generally will not be granted under Civ.R. 60(B)(1) for "mistake" if the alleged mistake is one unilaterally made by a party or that party's counsel: "mistake," as used in the rule, refers to one mutually made by both parties as to an operative fact. See, e.g.,Mamula, supra, at ¶ 13-14. In case of a unilateral mistake, the party seeking relief must show why he or his counsel was justified in making the mistake. Id. In this case, Mr. Lewis is alleging a "mistake" by the trial court — not by the parties — in accepting Ms. Lewis' evidence of the Florida property's value. Civ.R. 60(B)(1) is, therefore, irrelevant.
 {¶ 25} Further, we can find no error by the trial court in accepting Ms. Lewis' valuation, as made through the broker's letter she submitted at trial. Mr. Lewis was allowed to testify at trial regarding his valuation of the property; the trial court could accept whichever evidence it chose.
 {¶ 26} Finally, Mr. Lewis fails to inform us as to why he could not obtain a valuation of the property at the time of trial, in July 2002. His appraisal appears to be dated October 16, 2003 — more than a year following trial, and almost a month after our remand of the case inLewis I. The trial court's judgment entry, effectively dividing the *Page 8 
marital portion of the Florida property pursuant to our instructions inLewis I, was filed December 2, 2004 — more than a year after the date of Mr. Lewis' appraisal. Yet, he did not move the trial court pursuant to Civ.R. 60(B) until October 2006. Civ.R. 60(B)(1) motions must be made within a reasonable time, not more than a year following entry of judgment. Under any circumstances, Mr. Lewis' motion was untimely.
 {¶ 27} Mr. Lewis also contends he is entitled to relief pursuant to Civ.R. 60(B)(5), the "catch-all" provision of the rule. We respectfully disagree. Civ.R. 60(B)(5) only applies when a more specific provision of the rule does not. Swan v. Swan, 10th Dist. No. 04AP-1089,2005-Ohio-4636, at ¶ 12. In this case, the failure to obtain and introduce a formal appraisal of the Florida property rises, at best, to "mistake," since, as an owner of that property, Mr. Lewis was entitled to (and did) testify regarding its value. Cf. Kister v. Ashtabula Cty.Bd. of Revision, 11th Dist. No. 2007-A-0050, 2007-Ohio-6943, at ¶ 18.
 {¶ 28} Since Mr. Lewis failed to present any operative facts warranting relief to the trial court, that court did not abuse its discretion in failing to hold an evidentiary hearing on his Civ.R. 60(B) motion.
 {¶ 29} The assignment of error being without merit, the judgment of the Portage County Court of Common Pleas, Domestic Relations Division, is affirmed.
 {¶ 30} It is the further order of this court that appellant is taxed costs herein assessed. The court finds there were reasonable grounds for this appeal.
 DIANE V. GRENDELL, P.J., CYNTHIA WESTCOTT RICE, J., concur. *Page 1