OPINION
{¶ 1} Defendant-appellant, George E. Barker ("Barker"), appeals from the judgment of the Franklin County Court of Common Pleas denying his motion for relief from judgment.
 {¶ 2} On December 7, 2006, plaintiff-appellee, Deutsche Bank National Trust Company ("Deutsche Bank"), filed a complaint in foreclosure naming, among others, *Page 2 
Thomas R. Lane, Douglas Nelson, and Barker, as defendants. The complaint alleged Lane was in default under the terms of a note and mortgage securing same. According to the complaint, the mortgage was filed for record on June 26, 2006, and constitutes a valid first lien upon the property. The complaint noted that Barker, Nelson, and the Franklin County Treasurer may have an interest in the property at issue. Specifically, the complaint alleged that Barker "may claim an interest" in the property by virtue of a mechanic's lien filed on February 16, 2006. Deutsche Bank's complaint prayed for judgment against Lane, that its mortgage be adjudged a valid first lien on the real estate, that the mortgage be foreclosed, and that "all other defendants herein be required to set up their liens or interests in said real estate or be forever barred from asserting the same." (Complaint, at 6.)
 {¶ 3} On January 19, 2007, Lane filed an answer and cross-complaint in which he stated that the lien was "wrongfully placed."
 {¶ 4} On January 26, 2007, Barker filed an answer admitting Lane was the owner of the property, and generally denying all other allegations in the complaint. Barker also filed a cross-complaint alleging he filed a lien on February 16, 2006, and demanded that the priorities of liens upon the premises be determined. Barker sought a foreclosure on the property and that he be paid $19,307.64 plus interest out of the proceeds of the sale. Though noting the date of filing his lien, Barker did not allege that his lien was senior to that of any other party.
 {¶ 5} On March 14, 2007, Deutsche Bank filed a motion for summary judgment. In its motion, Deutsche Bank stated this action was filed "on behalf of the plaintiff and first *Page 3 
mortgage holder" and sought "summary judgment in its favor for the relief prayed for in its Complaint herein." (March 14, 2007 motion, at 1-2.)
 {¶ 6} Lane filed a memorandum contra, and argued he was unable to obtain refinancing because of a fraudulent mechanic's lien placed on his property by Barker. Noting that the existence of such claim against Barker was irrelevant with respect to whether or not Lane was in default on the mortgage, the trial court granted Deutsche Bank's motion for summary judgment on April 30, 2007. The trial court also found that the issue of priority of liens was separate from the issue of default on the mortgage and could be resolved at a later date.
 {¶ 7} Despite the clear wording of the decision that reserved the priority of liens issue for resolution at a later date, Deutsche Bank prepared a judgment entry that claimed that Deutsche Bank's mortgage was the first lien. The judgment entry found the note at issue was secured by a mortgage held by Deutsche Bank, "which mortgage constitutes a valid and first lien upon the following described premises[.]" (May 16, 2007 Entry, at 2.) The judgment entry further stated, "[t]he Court finds that the defendants, Douglas B. Nelson and George E. Barker, have filed an Answer herein asserting an interest in the real estate which is the subject of this action, which interest is junior in priority to plaintiff's interest as hereinabove set forth." Id. at 3. The judgment entry was approved by counsel for all parties to this litigation, including that of Barker.
 {¶ 8} Thereafter, the property was appraised, and the property was noticed for sheriff's sale. A journal entry confirming sale, ordering deed and distributing sale proceeds was filed on September 21, 2007. The journal entry states the real estate was sold to Deutsche Bank on August 21, 2007, for $60,000. The journal entry confirming the *Page 4 
sheriff's sale of the property was reviewed and approved by only two counsel, counsel for Deutsche Bank and counsel for the Franklin County Treasurer.
 {¶ 9} On September 27, 2007, Barker filed a "MOTION TO VACATE AND CORRECT THE SUMMARY JUDGMENT DECREE IN FORECLOSURE PURSUANT TO RULE 60(B)" asserting that he was the "senior lien holder." In the memorandum in support, Barker asserted the parties were "inadvertently reversed" as to lien priority. Id. Deutsche Bank filed a memorandum contra contending: (1) the issue was moot because the property had already been sold; and (2) a party's unilateral mistake is insufficient to vacate a judgment under Civ. R. 60(B). The trial court denied Barker's motion to vacate, finding this matter did not concern a mutual mistake, but rather a unilateral one made by Barker.
 {¶ 10} This appeal followed, and Barker brings three assignments of error for our review:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN OVERRULING THE DEFENDANT APPELLANT'S 60B MOTION TO VACATE ON THE GROUNDS OF MISTAKE, AFTER DETERMINING IN FACT THAT A MISTAKE HAD BEEN MADE WHICH AFFECTED THE SUBSTANTIAL RIGHTS OF THE APPELLANT.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN DETERMINING THAT THE PARTIES ARE BOUND BY SIGNING AN AGREED FINAL JUDGMENT ENTRY, AFFECTING A PARTY'S SUBSTANTIAL SUBSTANTIVE RIGHT OR RIGHTS WHEN IT IS UNDISPUTED AND ADMITTED THAT THE ENTRY SETS FORTH INACCURATE FACTS AFFECTING THE RESPECTIVE PARTIES SUBSTANTIAL RIGHTS.
 III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN RULING THAT A PARTY THAT *Page 5 
PREPARES A FINAL JUDGMENT ENTRY AFFECTING SUBSTANTIAL RIGHTS OF THE PARTIES HAS NO RESPONSIBILITY TO CORRECTLY SET FORTH THOSE FACTS WHEN PRESENTING AN ENTRY TO THE TRIAL COURT FOR APPROVAL, WHICH ENTRY FINALLY DISPOSES OF ALL PARTIES SUBSTANTIAL RIGHTS, AND NO BONIFIDE [SIC] PURCHASER WITHOUT KNOWLEDGE WAS AFFECTED.
 {¶ 11} Because they are interrelated and regard the trial court's denial of Barker's motion for relief from judgment, we will address Barker's three assignments of error together. The central issue before the court is whether the trial court erred in denying Barker's motion for relief from judgment. Whether to grant a Civ. R. 60(B) motion for relief from judgment is within the sound discretion of the trial court, and an appellate court will not reverse that determination absent an abuse of discretion. McSweeney v. McSweeney (1996), 112 Ohio App.3d 355,358. An abuse of discretion connotes more than an error in judgment; it implies a decision that is arbitrary and capricious, one that is without reasonable basis or clearly wrong. Krumm v. Upper Arlington CityCouncil, Franklin App. No. 05AP-802, 2006-Ohio-2829, at ¶ 11.
 {¶ 12} Civ. R. 60(B) provides:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable *Page 6 
time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
 {¶ 13} To successfully petition the court for relief from judgment, the moving party must demonstrate that she: (1) has a meritorious defense or claim to present if relief is granted; (2) is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) brought the motion within a reasonable time. GTE Automatic Elec,Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. If the grounds for relief are found within Civ. R. 60(B)(1), (2) or (3), the motion may not be filed more than one year after the judgment or order was entered. Id. Each of the enumerated requirements stands independently from the others; therefore, in order to prevail, the moving party must establish all three factors. State exrel. Citizens for Responsible Taxation v. Scioto Cty. Bd. of Elections (1993), 67 Ohio St.3d 134, 136; Fields Excavating, Inc. v. WelshElectric Co., Franklin App. No. 04AP-150, 2005-Ohio-708, at ¶ 7. Moreover, Civ. R. 60(B) is a remedial rule that is to be liberally construed with a view for effecting a just result. Citizens forResponsible Taxation, at 136.
 {¶ 14} Barker asserts that the judgment entry was based upon a mistake. However, if Deutsche Bank argues no mistake occurred, then Barker contends the error here was converted into a misrepresentation by Deutsche Bank because Deutsche Bank knew that Barker had the superior lien. (Barker's brief, at 7.) On the other hand, Deutsche Bank contends that it did not make a mistake with respect to the entry, nor did it make any misrepresentations because it has argued from the inception of the case that it had the first and best lien on the property. Deutsche Bank makes two additional *Page 7 
arguments: (1) the issue is moot since the sale of the property has been confirmed; and (2) Barker's arguments are precluded by the invited error doctrine because Barker agreed to and approved the judgment entry submitted to the court.
 {¶ 15} Under Civ. R. 60(B)(1), the court may relieve a party from a final judgment for "mistake, inadvertence, surprise or excusable neglect." Martin v. Parcels of Land Encumbered with Tax Liens (Dec. 29, 1995), Lake App. No. 94-L-051 (county treasurer was entitled to relief from judgment in foreclosure action where the record established all parties were incorrect as to the amount of taxes owed); see, also,Mamula v. Mamula, Trumball App. No. 2005-T-0148, 2006-Ohio-4176 (husband not entitled to relief from judgment where there was no evidence of mutual mistake or misrepresentation with respect to the value of retirement assets as divided in the separation agreement approved by the husband); Boston v. Parks-Boston, Franklin App. No. 02AP-1031, 2003-Ohio-4263 (for purposes of Civ. R. 60[B], neglect of counsel is imputed to the client and record established that any lack of knowledge of the plaintiff was attributable to plaintiff's own mistake, not a mutual mistake as plaintiff agreed to the separation agreement; therefore, plaintiff was not entitled to relief from judgment).
 {¶ 16} Here, the judgment entry submitted by counsel for Deutsch Bank contained language that Deutsche Bank's lien was superior to all other liens when the trial court had explicitly withheld resolution of that issue for a later time. While the motion for summary judgment alleged that Deutsche Bank's mortgage has priority over the Barker lien, the attached affidavit stated only that the mortgage was unpaid. Thus, Deutsche Bank failed to provide any proof that it should be paid first. The judgment entry is either a mistake resulting from the use of a standard form or a deliberate attempt by counsel for Deutsche *Page 8 
Bank to further the client's interests by journalizing a false entry. It appears that the multi-page entry contains a mistake by counsel for Deutsche Bank, not an attempt to journalize an entry which was known to be false and inaccurate. This court is slow to infer that reputable counsel attempted to work a fraud on the court and another party to the litigation.
 {¶ 17} Obviously, counsel for Barker should have caught the mistake and demanded that the trial court's judgment entry accurately reflect the court's written decision. Counsel for Barker made a very serious mistake in not carefully reviewing the entry and catching the error. Thus, we conclude there was a mutual mistake justifying relief under Civ. R. 60(B).
 {¶ 18} The doctrine of invited error holds that a litigant may not "take advantage of an error which he himself invited or induced."Agarwal v. Bansal (Mar. 30, 2001), Franklin App. No. 00AP-732, quotingHal Artz Lincoln-Mercury, Inc. v. Ford Motor Co., Lincoln-MercuryDiv. (1986), 28 Ohio St.3d 20. "Invited error requires that counsel induced the error or was actively responsible for it." Id., citingState v. Kollar (1915), 93 Ohio St. 89, 91. See, also, Yuse v. Yuse
Cuyahoga App. No. 89213, 2007-Ohio-6198 (insofar as the appellant's counsel prepared the entry containing the error, appellant was prohibited from taking advantage of the invited error); Myer v.Hoops, Perry App. No. 04CA03, 2004-Ohio-6136 (because the entry resolving the contempt matter was agreed to by the parties, appellant invited any error associated with it and waived any legitimate objection on appeal).
 {¶ 19} In the matter before us, it was Deutsche Bank who initially generated the erroneous judgment entry submitted to the court that exceeded the trial court's initial *Page 9 
summary judgment decision. Although Deutsche Bank's motion for summary judgment alleged that it was the first lien holder, as noted above, there was an absence of proof on the issue. Here, we do not find invited error because counsel for Barker in no way invited counsel for Deutsche Bank to generate an inaccurate judgment entry. Rather, Deutsch Bank made a mistake by generating a false entry and counsel for Barker made a mistake by approving the false entry.
 {¶ 20} Nor are the issues presented by this case moot. Barker has obviously never been paid. Further, the journal entry confirming the sheriff's sale was reviewed and approved by only two counsel, counsel for Deutsche Bank and counsel for the Franklin County Treasurer. For some reason, the entry was never submitted to counsel for Barker or counsel for Thomas Lane.
 {¶ 21} In short, when counsel for Barker pointed out the mistake in the judgment entry prepared by Deutsche Bank, the trial court should have set aside that portion of the judgment entry that exceeded the trial court's findings and which set priorities among the lien holders. The failure of the trial court to do so was an abuse of discretion because the judgment entry was clearly wrong.
 {¶ 22} For the foregoing reasons, appellant's three assignments of error are sustained, and the judgment of the Franklin County Court of Common Pleas is hereby reversed and remanded for the trial court to address the issue of priority of liens and to undertake any further proceedings in accordance with this opinion.
Judgment reversed and remanded with instructions.
 BROWN, J., concurs. McGRATH, P.J., dissents. *Page 10