[Cite as *Howard v. Howard*, 2014-Ohio-5248.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Felice L. Howard (nka Harris),          :

      Plaintiff-Appellant,          :

                                       No. 14AP-292

v.          :          (C.P.C. No. 11DR-2189)

Terry M. Howard,          :          (REGULAR CALENDAR)

      Defendant-Appellee.          :

---

D E C I S I O N

Rendered on November 25, 2014

---

*The Behal Law Group LLC*, and *John M. Gonzales*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations.

KLATT, J.

{¶ 1} Plaintiff-appellant, Felice L. Howard (nka Harris), appeals a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, that denied her motion for Civ.R. 60(B) relief. For the following reasons, we affirm that judgment.

{¶ 2} In an agreed judgment dated October 12, 2012, the trial court granted Harris and defendant-appellee, Terry M. Howard, a divorce. The trial court also determined that the parties' marriage terminated on December 31, 2009, and it divided the parties' marital property. With regard to Howard's pension with the Ohio Public Employees Retirement System ("OPERS"), the trial court stated:

> Plaintiff is to receive one-half of the marital share of the
> Defendant's OPERS retirement from the date of the marriage
> until December 31, 2009. * * * The DOPO required herein

> shall be prepared by Pension Evaluators and the cost will be divided equally between the parties.  Both parties are ordered to cooperate with Pension Evaluations to effectuate the completion of the DOPO within 120 days of the signing of this order.

 (R. 164 at 3-4.)

{¶ 3}  The acronym "DOPO" stands for division of property order.  Using the process set forth in R.C. 3105.80 through 3105.90, a trial court can issue a DOPO, thereby requiring the administrator of a public-retirement program to distribute benefits divided by a divorce decree directly to a nonmember ex-spouse.  *Thompson v. Thompson*, 196 Ohio App.3d 764, 2011-Ohio-6286, ¶ 13, fn. 3 (10th Dist.).

{¶ 4}  R.C. 3105.82 requires that all DOPOs be on a form developed pursuant to R.C. 3105.90.  Harris' attorney completed the necessary form and submitted it to the trial court.  On August 13, 2013, the trial court issued the DOPO, which directed OPERS to pay to Harris her share of the marital portion of Howard's monthly benefit.  Harris began receiving her part of Howard's monthly benefit in November 2013.

{¶ 5}  On October 11, 2013, Harris moved for relief from the divorce decree pursuant to Civ.R. 60(B).  Howard did not respond.  In the hearing on her motion, Harris explained that, when she agreed to the property division set forth in the divorce decree, she misunderstood the means by which she would receive her portion of Howard's benefits.  As of the effective date of divorce—December 31, 2009—Howard was receiving a monthly benefit payment from OPERS.  Harris knew that.  She correctly believed that, upon receipt of a DOPO, OPERS would begin sending her with a monthly payment in the amount of her portion of Howard's total monthly benefit.  Harris, however, erroneously believed that OPERS would also provide her a lump-sum payment in the amount of her share of all the monthly payments that OPERS had previously made to Howard from December 31, 2009 until the implementation of the DOPO.  Harris discovered months after the entry of the divorce decree that a DOPO could not effectuate the lump-sum payment that she expected.  Therefore, she sought to vacate the divorce decree.

{¶ 6}  In a judgment issued March 12, 2014, the trial court denied Harris' motion.  Harris now appeals, and she assigns the following error:

> The trial court's denial of Ms. Harris' [Civ.R.] 60(B) motion was an abuse of discretion.

{¶ 7}   To succeed on a Civ.R. 60(B) motion, a party must demonstrate that:  (1) it has a meritorious claim or defense to present if the court grants it relief; (2) it is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) it filed the motion within a reasonable time and, when relying on a ground for relief set forth in Civ.R. 60(B)(1), (2), or (3), it filed the motion not more than one year after the judgment, order, or proceeding was entered or taken.  *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.  If the moving party fails to demonstrate any of these three requirements, the trial court should overrule the motion.  *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988).  A trial court exercises its discretion when ruling on a Civ.R. 60(B) motion, and, thus, an appellate court will not disturb such a ruling on appeal absent an abuse of discretion.  *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987).

{¶ 8}   Here, Harris argues that the trial court erred when it concluded that she failed to demonstrate entitlement to relief under any Civ.R. 60(B) ground.   Harris contends that she established a mistake, a Civ.R. 60(B)(1) ground for relief, and "any other reason justifying relief from judgment," the Civ.R. 60(B)(5) ground for relief.  We disagree.

{¶ 9}   Typically, in order to obtain Civ.R. 60(B) relief on the basis of mistake, the moving party must demonstrate a mutual mistake shared by both parties as to a material fact in that case.  *Mamula v. Mamula*, 11th Dist. No. 2005-T-0148, 2006-Ohio-4176, ¶ 13; *McLoughlin v. McLoughlin*, 10th Dist. No. 05AP-621, 2006-Ohio-1530, ¶ 34; *Smith v. Smith*, 8th Dist. No. 83275, 2004-Ohio-5589, ¶ 17.  Courts, therefore, generally do not grant relief from a judgment when the alleged mistake was a unilateral mistake on the part of one party or its counsel.  *Mamula* at ¶ 14; *Smith* at ¶ 17.  Nevertheless, a court may find that a unilateral mistake qualifies as a ground for relief from judgment if the party alleging the mistake shows a justification for failing to avoid the mistake.  *Mamula* at ¶ 14; *Smith* at ¶ 17.  Negligence is an insufficient justification.  *McLoughlin* at ¶ 35; *Fifth Third Bank v. Banks*, 10th Dist. No. 04AP-860, 2005-Ohio-4972, ¶ 23.

{¶ 10} On appeal, Harris claims that the mistake at issue is the parties' shared belief that the divorce decree would divide the marital portion of Howard's OPERS benefits equally.  That belief, however, is not a mistake:  the decree grants Harris one-half

of the marital portion of Howard's OPERS benefits.  The actual mistake at issue—the one Harris asserted before the trial court—is the belief that OPERS would pay Harris a lump sum in the amount of her share of the benefits paid out to Howard from December 31, 2009 until November 2013, when OPERS began issuing monthly payments to Harris. Harris' testimony during the hearing shows that this mistake was Harris' alone, not a mistake that both Harris and Howard made.

{¶ 11} During the hearing, Harris and her attorney engaged in the following colloquy:

> Q:  And, did you have an understanding of what you were to obtain or what was to be given to you as a result of the determination of the [d]e facto date of [December 31,] 2009?
>
> A:  I was told I'd be getting a lump sum payment from what would be January 1st, 2010 until – well I assumed was Oct – October 2012, but since he had been getting the money that I would get the money that I was supposed to be receiving and that it would be a lump sum.

(Tr. 11-12.)  The court interjected, "Who were you supposed to get that from?"  (Tr. 12.) Harris responded, "My understanding was P-E-R-S (sic)."  (Tr. 12.)  Harris' attorney then revisited the issue:

> Q: Your understanding of the agreement that you reached was based upon your understanding that you were to receive a lump sum payment, you're thinking from –
>
> A:  P-E-R-S (sic).
>
> Q:  - P-E-R-S (sic)?
>
> A:  Yes.
>
> Q:  That it would come somehow out of the asset that was still remaining at P-E-R-S (sic)?
>
> A:  Correct.

 (Tr. 13.)

{¶ 12} Howard did not appear at the hearing and, thus, did not testify as to his understanding as to how Harris would recover her portion of the benefits that OPERS had already paid to him.  Moreover, Harris offered no testimony as to her knowledge of

Howard's understanding. Thus, there is no evidentiary basis to conclude that the mistake at issue was a mutual mistake.

{¶ 13} Harris, having argued that the mistake was mutual, does not offer any justification for failing to avoid the mistake. Accordingly, we conclude that Harris has failed to demonstrate a mistake that qualifies as a Civ.R. 60(B)(1) reason for granting her relief from judgment.

{¶ 14} We next turn to Harris' contention that she established the Civ.R. 60(B)(5) ground for relief. Intended as a "catch-all" provision, Civ.R. 60(B)(5) "reflect[s] the inherent power of a court to relieve a person from the unjust operation of a judgment, but is not intended to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B)." *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64 (1983), paragraph one of the syllabus. Courts only invoke Civ.R. 60(B)(5) in those extraordinary and unusual cases where the moving party demonstrates substantial grounds warranting relief from judgment. *Id.* at paragraph two of the syllabus; *Social Psychological Servs., Inc. v. Magellan Behavioral Health, Inc.*, 10th Dist. No. 10AP-326, 2010-Ohio-6531, ¶ 17.

{¶ 15} Here, the basis that Harris asserts for relief fits within Civ.R. 60(B)(1), thus precluding the application of Civ.R. 60(B)(5). Moreover, we are not persuaded by Harris' argument that the operation of the divorce decree is unjust. Harris' argument is based on her contention—rejected above—that the divorce decree does not equally divide the parties' marital property. Harris' real problem with the divorce decree is that, besides providing for the issuance of a DOPO, it does not specify how Harris can acquire her portion of Howard's OPERS benefits. This is a problem of enforcement. A trial court has the inherent power to enforce its own judgment. *Murphy v. Murphy*, 10th Dist. No. 12AP-1079, 2013-Ohio-5776, ¶ 13; *Cameron v. Cameron*, 10th Dist. No. 12AP-349, 2012-Ohio-6258, ¶ 10; *accord Drummond v. Drummond*, 5th Dist. No. 10-CA-20, 2010-Ohio-6139, ¶ 25 (holding that that trial court had the power "to enforce implementation of the division of the pension as it originally decreed"). Harris, therefore, may move the trial court to order Howard to pay her the specific amount that OPERS cannot pay her (because it has already paid that amount to Howard). If Howard does not comply with the trial court's order, Harris may file a motion for contempt. As Harris has an alternate

method to recover the money she seeks, we see no reason justifying the drastic step of vacating a final judgment.

{¶ 16} In sum, because Harris cannot demonstrate a Civ.R. 60(B)(1) through (5) ground for relief, we conclude that the trial court did not err in denying her relief from judgment. Accordingly, we overrule Harris' assignment of error, and we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

DORRIAN and O'GRADY, JJ., concur.

————————————