JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant Susan J. Rhoades (appellant) appeals from the trial court's decision denying her motion for relief from judgment. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} The tortured procedural history of the instant case will, for the most part, be omitted from this opinion; however, the following facts are relevant to the appeal. On April 10, 2003, appellant filed a claim alleging wrongful discharge and employment discrimination against her former employer, Ameritech Corporation (Ameritech), and medical malpractice and prescription fraud against Comprehensive Psychiatric Services (Comprehensive). Also included as defendants in this action were individual managers at Ameritech and various healthcare individuals associated with Comprehensive. The trial court ruled in favor of the defendants piecemeal, by granting motions to dismiss, for judgment on the pleadings and for summary judgment. On August 11, 2004, the court granted summary judgment to the last of the Comprehensive defendants, in what became the first of the court's final appealable orders. On September 14, 2004, appellant filed an appeal with this court, which was dismissed as being untimely pursuant to App.R. 4(A), because it was filed outside of the 30-day time frame for filing an appeal. See Cuyahoga App. No. 85249. On January 3, 2005, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B)(5), which the court denied on January 14, 2005, stating that appellant "has merely re-stated her arguments put forth in her opposition to the motion for judgment on the pleadings. Relief under Civ.R. 60(B) is not available as a substitute for an appeal." Appellant filed a timely appeal from the court's decision to deny her motion for relief from judgment.
 II. {¶ 3} In her first and only assignment of error, appellant argues that "the trial court abused its discretion in failing to re-instate Plaintiff's claims pursuant to her Motion for Relief from Judgement relevant to Civ.R. 60B(5)." Specifically, appellant argues that the trial court erred in granting summary judgment to the Comprehensive defendants and judgment on the pleadings to the Ameritech defendants. We are without jurisdiction to review the trial court's actions concerning summary judgment and judgment on the pleadings, because the only final appealable order before us is the order denying appellant's motion for relief from judgment pursuant to Civ.R. 60(B). SeeState ex rel. Pendell v. Adams Cty. Bd. of Elections (1988),40 Ohio St.3d 58.
 {¶ 4} According to the Supreme Court of Ohio, to prevail on a Civ.R. 60(B) motion, a "movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." GTE Automatic Electric,Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, 150. In the instant case, appellant claims that she is entitled to relief under Civ.R. 60(B)(5), which reads, "any other reason justifying relief from the judgment." In Mt. Olive Baptist Church v.Pipkins Paints Home Improvement Center, Inc. (1979),64 Ohio App.2d 285, 287, we held that "[a]lthough Civ.R. 60(B)(5) is frequently referred to as the `catch all' provision, relief on this ground is to be granted only in extraordinary situations where the interest of justice calls for it." The trial court has discretion in determining whether to grant or deny a motion for relief from judgment. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17. As such, we will not reverse a trial court's decision regarding a Civ.R. 60(B) motion absent a showing of abuse of discretion. A trial court abuses its discretion when its decision is unreasonable, arbitrary or unconscionable. SeeBlakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 5} In the instant case, appellant's brief focuses almost exclusively on why the trial court erred in granting the defendants' motions for summary judgment and judgment on the pleadings. Appellant's recourse for gaining review of the trial court's decisions on these issues was to file a direct appeal with this court within the statutorily allotted time frame of 30 days from the final appealable order. Appellant failed to do this. Furthermore, appellant cannot use a Civ.R. 60(B) motion as a substitute for a timely appeal. See Key v. Mitchell (1998),81 Ohio St.3d 89; State ex rel. Durkin v. Ungaro (1988),39 Ohio St.3d 191, 192 (holding that a Civ.R. 60(B) motion is not a procedural device that can be used to obtain review of a judgment where a timely appeal was not filed). The Ungaro court explained its rationale, stating that "[i]f we were to hold differently, judgments would never be final because a party could indirectly gain review of a judgment from which no timely appeal was taken by filing a motion for reconsideration or a motion to vacate judgment."
 {¶ 6} We expanded on this reasoning in Henderson v.Rosewicz, Cuyahoga App. No. 80038, 2002-Ohio-1266, by holding the following:
"The gist of post-trial relief is to remedy an injustice resulting from a cause that cannot reasonably be addressed during the ordinary trial and appellate proceedings. In other words, Civ.R. 60(B) is not a viable means to attack legal errors made by a trial court; rather, it permits a court to grant relief when the factual circumstances relating to a judgment are shown to be materially different from the circumstances at the time of the judgment."
(Internal citations omitted.)
 {¶ 7} In the instant case, appellant offers no evidence to satisfy the first two prongs of the GTE test, namely, that she has a meritorious claim to present if relief is granted and that she is entitled to relief pursuant to Civ.R. 60(B)(5). If a movant fails to meet all three of the GTE requirements, the trial court should overrule a Civ.R. 60(B) motion. Vidovic v.Vidovic, Cuyahoga App. No. 81647, 2003-Ohio-1842. Rather than put forth facts suggesting that an extraordinary situation existed in her case, appellant merely reiterated her arguments in opposition to defendants' motions for summary judgment and judgment on the pleadings. These arguments could have been raised in a timely appeal, but were not. Accordingly, appellant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Karpinski, J., concur.