[Cite as *Quezada v. Vizcaino*, 2022-Ohio-2683.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

RAFAEL DEJESUS QUEZADA, JR.,      :

    Plaintiff-Appellee,      :

                             No. 111124

    v.      :

PAMELA ALEXANDRA PENA      :
VIZCAINO,

    Defendant-Appellant.      :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 4, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-21-383916

---

### *Appearances:*

N.P. Weiss Law, Nicholas P. Weiss, and Bridget M. Sciscento, *for appellant.*

LISA B. FORBES, P.J.:

{¶ 1} In this accelerated appeal, Pamela Alexandra Pena Vizcaino ("Vizcaino") appeals from the domestic relations court's denial of her unopposed Civ.R. 60(B) motion for relief from judgment. After reviewing the facts of the case and pertinent law, we affirm the lower court's judgment.

## I.    Facts and Procedural History

{¶ 2}    In May 2017, Rafael DeJesus Quezada, Jr. ("Quezada") and Vizcaino were married in the Dominican Republic.  On January 25, 2021, Quezada filed a complaint for annulment or, in the alternative, divorce from Vizcaino in the Cuyahoga County Domestic Relations Court.  This complaint states in part that Quezada's "consent for marriage was obtained by fraud on the part of" Vizcaino.  The domestic relations court held a hearing on this complaint on April 27, 2021.

{¶ 3}    At this hearing, the court stated that the proceeding was for a "dissolution."  However, the bailiff corrected the judge, who clarified that the proceeding was for an annulment.  Although Vizcaino did not file an answer to the complaint, she appeared pro se at this hearing.  Vizcaino communicated through an interpreter, who translated everything Quezada, his attorney, and the court said so Vizcaino could understand it, as well as translated Vizcaino's testimony so everyone else could understand what she said.

{¶ 4}    Quezada testified that when he brought Vizcaino back to the United States after they were married, Vizcaino went to Boston for a year and a half and lived with another man.  She returned to Cleveland to live with Quezada five months prior to the parties' second immigration interview and "wanted to go on vacation and take a whole bunch of pictures together * * *."  Quezada testified that he was "asking the Court to end this marriage, period, if it's divorce or annulment."

{¶ 5}    The court and Vizcaino had the following exchange:

THE COURT: Okay. And [Quezada] is seeking an annulment saying that the marriage was obtained in a fraudulent manner, do you understand that?

VIZCAINO (INTERPRETER): No.

* * *

THE COURT: Would you like to end the marriage today with Rafael?

VIZCAINO: No.

{¶ 6} At the hearing, the court granted the annulment and dissolved and terminated the marriage. The court issued a "judgment entry of annulment" on April 28, 2021, finding that "the marriage was obtained fraudulently" and ordered that "the marriage contract * * * between the parties is hereby annulled." Vizcaino did not file a direct appeal from this final judgment.

{¶ 7} Over six months later, on November 10, 2021, Vizcaino filed a motion for relief from judgment pursuant to Civ.R. 60(B), arguing that "there was a mutual mistake between the parties as to the nature and consequences of the April 27, 2021 hearing." The domestic relations court denied this motion on December 9, 2021, and it is from this order that Vizcaino appeals,[1] raising the following assignment of error:

---

[1] On January 26, 2022, Quezada and Vizcaino filed an "Agreed Judgment Entry" in this court, proposing to vacate the domestic relations court's December 9, 2021 journal entry denying Vizcaino's Civ.R. 60(B) motion.

On January 27, 2022, the parties filed a joint motion to remand the case to the domestic relations court to have the "judgment entry of annulment be converted to one dissolution." On January 28, 2022, this court granted Quezada and Vizcaino's joint motion to remand the case and ordered the domestic relations court to rule on the parties' request for the court to adopt the agreed judgment entry.

On February 8, 2022, the domestic relations court issued a judgment entry on remand declining to adopt the proposed agreed judgment entry.

The trial court abused its discretion when it denied [Vizcaino's] uncontested motion for relief from judgment pursuant to Civ.R. 60(B)(1).

## II. Law and Analysis

### A. Civ.R. 60(B) Motion for Relief from Judgment

{¶ 8} We review a trial court's ruling on a Civ.R. 60(B) motion for relief from judgment for an abuse of discretion. To prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must show that: 1) they have "a meritorious defense or claim to present if relief is granted"; 2) they are "entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5)"; and 3) "the motion is made within a reasonable time." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 150, 351, N.E.2d 113 (1976). "If a movant fails to meet all three of the *GTE* requirements, the trial court should overrule a Civ.R. 60(B) motion." *Rhoades v. Ameritech Corp.*, 8th Dist. Cuyahoga No. 85954, 2005-Ohio-6631, ¶ 7.

{¶ 9} As to the first *GTE* prong, Vizcaino argues that "she had a meritorious defense to the entry of annulment if she was granted relief because she did not enter into the marriage on the basis of fraud, and Quezada's own testimony demonstrates that the [p]arties had a genuine marriage."

{¶ 10} As to the second prong of the *GTE* test, Vizcaino argues that she is entitled to relief from judgment under Civ.R. 60(B)(1), which states that "the court may relieve a party * * * from a final judgment" based on "mistake, inadvertence,

---

Our appellate review of this case is limited to the domestic relations court's December 9, 2021 denial of Vizcaino's Civ.R. 60(B) motion, because that is the final judgment being appealed.

surprise or excusable neglect * * *." Specifically, Vizcaino argues that "neither party understood the nature of the proceedings and this created a 'mutual mistake' on the part of the [p]arties."

{¶ 11} As to the third prong, Vizcaino argues that her motion, which was filed approximately six-and-a-half months after the final judgment, is timely "by rule."

**B. Analysis**

{¶ 12} Upon review, we find that Vizcaino failed to show she was entitled to relief under Civ.R. 60(B). Vizcaino's argument that the domestic relations proceeding was based on a mutual mistake between the parties is not supported by evidence in the record. "Typically, courts will grant relief on the basis of mistake when the mistake is a mutual mistake shared by both parties as to a material fact in the case." *Smith v. Smith*, 8th Dist. Cuyahoga No. 83275, 2004-Ohio-5589, ¶ 17. On the other hand, Ohio courts have held that "relief from [a divorce] decree will not be granted when the 'alleged' mistake was merely a unilateral mistake on the part of one party or her counsel." *Irwin v. Irwin*, 11th Dist. Lake No. 95-L-102, 1996 Ohio App. LEXIS 4210 (Sept. 27, 1996).

{¶ 13} In *Irwin*, the parties in a divorce proceeding agreed to divide their "defined benefit plan" in a certain manner when distributing marital assets. However, "[a]pproximately six months following the entry of the final divorce decree, a dispute arose between the parties concerning the meaning of the term 'defined benefit plan.'" *Id*. The Ninth District Court of Appeals found that appellant

and her counsel were "fully aware of the existence of the profit sharing plans when the settlement agreement [which was incorporated into the divorce decree] was negotiated." *Id.* The court held that the appellant failed "to ensure that the [divorce] agreement was consistent with her intent; i.e., the mistake was caused by appellant's carelessness." The court concluded that "because such a mistake was unilateral in nature, appellant would not be entitled to relief from the divorce decree under Civ.R. 60(B)(1)." *Id. See also Howard v. Howard*, 10th Dist. Franklin No. 14AP-292, 2014-Ohio-5248 (concluding that the appellant failed to demonstrate a mistake under Civ.R. 60(B)(1) when the evidence showed that she alone had a mistaken belief about the division of appellee's retirement benefits).

{¶ 14} In the case at hand, Quezada's complaint requested an annulment or, in the alternative, a divorce. At the hearing, the court initially stated that the proceeding was for a dissolution. However, after the bailiff corrected the court, the judge clarified that the proceeding was for an annulment. Quezada, who was represented by counsel, stated on the record that he wanted the marriage to end "period, if it's divorce or annulment."

{¶ 15} Vizcaino and Quezada did not reach any kind of separation agreement that was adopted by the court. Instead, the trial court issued its decision granting Quezada the requested annulment.

{¶ 16} Vizcaino's argument that the alleged mistake was mutual — in other words, that *neither party* was aware of the nature of the proceeding — is not well-taken. There is no evidence in the record to suggest that Quezada was unaware of

the nature of the domestic relations proceedings that he initiated. Quezada filed a complaint for an annulment or a divorce. At the hearing, he reiterated his position, requesting an annulment or a divorce. Quezada did not oppose Vizcaino's motion for relief from judgment, nor did he file a brief on appeal.

{¶ 17} Quezada was part of the agreed judgment entry and joint motion filed in January 2022, after these appellate proceedings were initiated. However, Quezada took no position in these filings regarding an alleged mutual mistake. Rather, the joint motion to remand, for example, states as follows: "The Parties have agreed that it is appropriate and beneficial to both parties for the Trial Court's judgment entry of annulment to be converted to one dissolution."

{¶ 18} Upon review, we find that any alleged mistake that may have occurred in the trial court was not mutual and is not the type of mistake contemplated in Civ.R. 60(B)(1). Furthermore, this court has long held that a "motion for relief from judgment pursuant to Civ.R. 60(B) is not a substitute for a direct appeal." *Kolick & Kondzer v. Baumanis*, 8th Dist. Cuyahoga No. 93679, 2010-Ohio-2354, ¶ 23. Vizcaino's request that the April 28, 2021 journal entry granting the annulment be set aside could have been raised in a timely appeal. It was not. Accordingly, we overrule Vizcaino's assignment of error.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
EMANUELLA D. GROVES, J., CONCUR